WARREN SHAMBURG, APPELLEE, V. ANNA MATHIESEN ET AL., APPELLEES: OSCAR LUNDBORG, APPELLANT.

FILED FEBRUARY 10, 1932. No. 28087.

*Paul L. Martin*, *Herman Ginsburg* and *Joseph Ginsburg*, for appellant.

*G. P. Kratz*, *R. P. Kepler* and *E. L. Hyde*, contra.

Heard before Goss, C. J., Eberly and Paine, JJ., and Begley and Eldred, District Judges.

Begley, District Judge.

Action brought by appellee Shamburg to foreclose a mortgage on certain real estate in Cheyenne county, Nebraska, which plaintiff alleged to be a first mortgage. Plaintiff joined appellant Lundborg as a party defendant, alleging that appellant's mortgage had been paid, and was barred by the statute of limitations. Appellant Lundborg filed a cross-petition setting up his mortgage as a first lien and asking foreclosure thereof. Lundborg admitted that his mortgage was executed and delivered October 30, 1916, due three years after date, and that no payments had been made thereon, but alleged that in a deed from one Sandahl to Andrew Mathiesen, dated May 27, 1922, the grantee assumed and agreed to pay said mortgage, and the statute of limitations only began to run from said date. Plaintiff and the owners of the equity of redemption in this property joined in asserting that appellant's mortgage was of no validity, and was barred by the statute of limitations, and prayed the court to reform the deed of Mathiesen by striking out the assumption clause, which they claimed was inadvertently and by mistake of the scrivener placed therein. The trial court found for the appellee, granted the reformation prayed for, and held that his mortgage constituted a first lien and ordered a foreclosure thereof, and dismissed appellant's cross-petition. The appellant has appealed.

The evidence discloses that on October 30, 1916, D. R. Jones and wife mortgaged the land involved herein which they had recently purchased to the defendant and appellant, Oscar Lundborg, which mortgage was duly filed for record. This mortgage to Lundborg was for $4,000 and was made payable on October 30, 1919, three years after the date of its execution. On the date the mortgage was made, Jones sold the property to Joseph M. Swenson, the deed having a clause whereby the grantee assumed and agreed to pay the Lundborg mortgage. On February 23, 1917, Swenson

conveyed the premises to Frank Vrtatka, in which deed there was also a clause providing that the grantee assumed and agreed to pay the Lundborg mortgage. Vrtatka at this time executed a mortgage to W. P. Miles for $1,600, which mortgage was immediately assigned to Joseph M. Swenson and duly released on June 19, 1923. On February 18, 1918, Vrtatka conveyed the property to Carl F. Sandahl, one of the defendants in this case. The deed of conveyance to Sandahl recited that the land was free from incumbrance, except a mortgage of $5,600 now on the above described land. On March 1, 1918, Sandahl executed a mortgage to Bentley and Fishman for $4,000. On May 27, 1922, Sandahl conveyed the property to Andrew Mathiesen. The named consideration in the deed of conveyance from Sandahl to Mathiesen is $17,600. The deed contained the following clause: "Subject to two mortgages of $4,000 each and one mortgage of $1,600, which grantee assumes." It is this clause that is in controversy in this case. No part of the principal or interest has been paid on the Lundborg mortgage, and without this clause his lien is barred by the statute of limitations. The appellees introduced evidence in the lower court for the purpose of having this clause disregarded or eliminated, on the theory that it was not a part of the contract between Sandahl and Mathiesen, that it was placed in the deed by mistake of the scrivener without knowledge of its presence there or of its significance on the part of the parties to the deed, without consideration or justification, and that it should in no way benefit the defendant Lundborg. Subsequent to this deed Mathiesen on the 1st day of March, 1923, mortgaged the property to the appellee Shamburg for $2,000. Andrew Mathiesen died sometime prior to August 23, 1928. His interest in the premises passed to his heirs. The Shamburg mortgage was due March 1, 1928, and the interest was paid to March 1, 1929. This action was commenced March 18, 1930.

One Charles S. Beebe was the scrivener who drew up the deed between Sandahl and Mathiesen. He was a former

treasurer of Wayne county and a former president of a bank in Wakefield, Nebraska. He testified that on May 27, 1922, at the time when the deed from Sandahl to Mathiesen was executed, he resided in Wakefield, Nebraska; that he knew both parties and was acquainted with their business affairs intimately; that they were customers of his bank; that they talked to him regarding it and that he knew the details of the transaction; that about the time the above mentioned deed from Sandahl to Mathiesen was made, Sandahl was indebted to a bank at Wayne; that Mathiesen had guaranteed the payment of said debt, which was around $5,000 and in consideration of such guarantee of payment Sandahl deeded the land involved herein to Mathiesen; that at the request of the parties he drew up an agreement in writing between said parties whereby if there was any equity in the land when it could be sold or might be sold, this equity was to revert to Mr. Sandahl; that the deed was signed in his office and delivered to Mathiesen; that it took Mathiesen some time to make arrangements to get the cash for Sandahl's debts and that he let Mathiesen have some of it; that he inserted the clause, "subject to two mortgages of $4,000 each and one mortgage of $1,600, which grantee assumes;" that he had no instructions to put the same in the deed and that he made same in accordance with his usual custom and from the entries on the abstract; that he just did that on his own understanding of what should be done in that kind of cases; that he did not know the real meaning of the terms nor did either of the parties to the transaction; that Sandahl always contended there was one mortgage that was paid, which was the Lundborg mortgage. No discussion was ever had that he recalled about Mathiesen having assumed the payment of the two $4,000 mortgages.

Mr. Sandahl testified that he was present when the deed was drawn by Beebe; that he did not know the clause, "subject to two mortgages of $4,000 each and one mortgage of $1,600, which grantee assumes," was in the deed; that the land was deeded to Mathiesen as security for two notes.

owed by Sandahl to the Bank of Wayne, which Mathiesen paid prior to the execution of the deed; that no other money was paid for the land; that there was no agreement of any kind between him and Mathiesen that Mathiesen would pay the Lundborg mortgage; that Beebe was his banker and he relied upon him to draw the deed; that there was a written agreement between him and Mathiesen whereby he, Sandahl, was to have the land back under certain circumstances, Mathiesen only holding same as security, but he has never redeemed it; that Lundborg never made demand for payment of his mortgage, nor was he able to locate Lundborg, and he thought his mortgage had been paid.

Appellant contends that the evidence is insufficient to justify the court in granting reformation. We do not deem it essential that reformation be had by the court. In the case of *Crane v. Leclere*, 206 Ia. 1270, it is held that the real assumption contract between the grantor and grantee may be shown by oral evidence, and as between the assuming grantee and the mortgagee, reformation of contract is not essential to the defense, where oral evidence contradicts the writing. In the case of *Peters Trust Co. v. Miskimins*, 115 Neb. 88, the court held: "The grantee in a deed containing a clause that the grantee assumes and agrees to pay certain mortgages on the land is ordinarily not estopped from denying such recital, and may show by parol evidence that, in fact, he never, made such an agreement."

The evidence in this case shows that the assumption clause in the deed was placed there by the mistake of the scrivener and without the knowledge or consent of the parties to said deed; that it was no part of the consideration for said deed and is not binding upon the parties thereto. The court properly struck the same from the deed and held that the mortgage of the appellant Lundborg was barred by the statute of limitations.

The decree of the district court is therefore

AFFIRMED.