WELFARE BUILDING & LOAN ASSOCIATION, Plaintiff, vs. BREUER and others, Defendants : MORTGAGE DISCOUNT COMPANY, Appellant, vs. PRAEFKE and wife, Respondents.

*October 12—November 7, 1933.*

For the appellant there was a brief signed by *J. L. Schlatterer* of Milwaukee.

For the respondents Praefke there was a brief by *Wolfe & Hart* and *Z. F. O'Leary,* all of Milwaukee, and oral argument by *Mr. O'Leary.*

FOWLER, J.   The appellant claims that the court erred (1) in opening the default judgments and (2) in denying

judgments for a deficiency against the respondents Praefke, and a judgment in the suit on the mortgage note against them.

(1) As to the claim that the court erred in opening the judgment in the three cases and permitting the Praefkes to defend, it appears that in these cases, wherein summons was first served upon them, they took the papers to Hargraves and left to him the doing of whatever if anything was necessary for their protection; that he assured them he would take care of their interests but did nothing; that subsequently they were served with papers in the other actions and were advised by their banker to consult a lawyer; and that they followed the banker's advice with the result that their lawyer answered in the other cases and procured the opening and leave to defend in the cases wherein judgments had been entered against them.

Opening a case wherein a default judgment has been entered against a party to permit him to defend is a matter in the discretion of the court. The ruling of the court will not be reversed except for abuse of discretion. It is manifest that in the instant case there was no abuse of discretion.

(2) Upon the merits it is clear that the judgments denying liability of the Praefkes for deficiency and upon the note are right. To have granted judgment imposing such liability would have been a travesty on justice.

(a) An agreement to assume a mortgage debt contained in a deed, to be valid as to a holder of the mortgage, must be valid between the parties to the deed. If void as between them it is void as to everybody else. The holder of the mortgage can acquire no better right against the promisor than the promisee has. *Dixon v. Davidson,* 202 Wis. 19, 231 N. W. 276; *Gill v. Robertson,* 18 Colo. App. 313, 71 Pac. 634; *Peilecke v. Cartwright,* 213 Iowa, 144, 238 N. W. 621; *Shamburg v. Mathiesen,* 122 Neb. 517, 240 N. W. 559; *Blass v. Terry,* 156 N. Y. 1022, 50 N. E. 953; *Becker*

*v. Nelson*, 164 Minn. 367, 205 N. W. 262; *La Rue v. Bloch* (Mo. App.) 255 S. W. 321. Such an agreement to be valid must be supported by a consideration and be free from fraud. Not only was the promise of the Praefkes without consideration but it was manifestly procured from them by a gross fraud. This being so, we need not consider the claim of appellant that the finding of the trial judge that the deed to the Praefkes was not delivered is contrary to the evidence. This finding is apparently based upon *Dixon v. Davidson, supra,* wherein one's name was without his knowledge inserted in a deed as grantee with others and he subsequently was prevailed upon to sign a deed as grantor with the others containing an assumption of mortgage clause for the mere purpose of clearing the title. The instant case is distinguishable by the fact that the Praefkes knew of the conveyance to them. Whether the deed to the Praefkes be considered as technically delivered to them or not, they may manifestly with as good right and reason deny that they agreed to assume the mortgage debts as might the grantee-grantor in the *Dixon Case*.

(b) The appellant claims the Praefkes are estopped from denying their liability because it was induced by reliance on the assumption clause in the deed to refrain from taking action that it would otherwise have taken. It certainly was not induced to take its mortgages by reliance on the clause, as its assignments long antedated the execution of the deed of the Praefkes. However, the precise ground of appellant's claim of estoppel is that it was induced by the assumption clause to refrain from commencing foreclosure of its mortgages until after the plaintiff had begun its foreclosure actions. The delay, according to appellant's claim, was from May, 1930, to June, 1931. Assuming this to be true, and assuming that the doctrine of equitable estoppel is that one is estopped from defending against his representation or promise in reliance on which another has taken steps to his

disadvantage, it does not follow that the appellant is entitled to apply that doctrine under the circumstances of this case. This doctrine, as the term implies, is to be applied only when it is equitable to apply it; it is applied only when it is necessary to apply it in order to do justice; it is never applied when to apply it would work a fraud; it is a protective, not an offensive, weapon; its operation is to be limited to saving harmless or making whole the one applying it; it is never applied as an instrument of gain or profit. 21 Corp. Jur. p. 1118. To apply the doctrine here would render effective a fraud perpetrated upon the Praefkes. To apply it would be not merely to save the appellant from the harm, slight if any, of delaying for a time the starting of foreclosure, but to make it an instrument of gain and profit to appellant; to create for the appellant security for its mortgages which they did not possess when executed or when obtained by the appellant; perhaps to render mortgages good which were nearly or quite worthless when acquired. This would not be equity, but inequity; not to effect justice, but to work a fraud; not to save the appellant from harm, but unjustly to enrich it. Moreover, in order to create an estoppel such as is claimed, the representation or act relied on must have been knowingly made or done, and made or done with the intention that it would be acted upon. 21 Corp. Jur. pp. 1119, 1120.

*By the Court.*—The judgment of the circuit court is affirmed.