BRAMMAN, Respondent, vs. TEUTONIA RECREATION COMPANY, Appellant.

*March 9—April 13, 1943.*

For the appellant there was a brief by *Burns & Mehigan* of Milwaukee, and oral argument by *Irving P. Mehigan.*

For the respondent there was a brief by *Nathaniel D. Rothstein* and *Roy O. Conen*, both of Milwaukee, and oral argument by *Mr. Rothstein.*

FOWLER, J.   The defendant appealed from an order extending the time in which to serve a bill of exceptions.   The time in which a bill of exceptions may be served is fixed by statute, sec. 270.47, within ninety days after service of notice of entry of the judgment.   Such time in the instant case expired on August 24, 1942.   On August 19th the attorney for the plaintiff procured an order returnable August 21st, or as soon thereafter as counsel could be heard, requiring the defendant to show cause why the time for serving a bill of exceptions should not be extended.   This order was made upon the affidavit of plaintiff's attorney stating that a notice of appeal from the judgment was served on June 10th and the statutory undertaking was then entered into by the plaintiff; and that the court reporter had "not as yet been able to get out a transcript of the testimony . . . and consequently it has [had] been impossible for the plaintiff to get out a bill of exceptions and serve the same."

The order to show cause came up for hearing on September 12th, when there was filed a written decision of the court signed on the day of filing.   At that time there was before the court, in addition to the affidavit above referred to, an affidavit of the court reporter, signed August 24th, stating that he did not receive any order for a transcript until August 18th; that he had at all times since the entry of judgment prior to August 18th been able to prepare a transcript of the testimony; an affidavit by the defendant's attorney, signed September 2d, stating that no transcript of the testimony had yet been served upon him and that the affidavit was filed in opposition to the motion to extend the time for serving a bill

of exceptions; and an affidavit by Milton M. Chernin, saying he was associated with plaintiff's attorney and that on June 10th he ordered from the reporter a transcript of the testimony by telling the reporter to prepare it and that the reporter said that he would prepare it. This is all that the record discloses as to information before the court when he filed his decision on September 12th.

In that decision the judge who made the order extending the time for serving the bill of exceptions states that no order for a transcript of the testimony was given by Chernin on June 10th, and that only the estimated cost of a transcript was discussed; that the facts do not indicate neglect; that Chernin was instructed to ascertain the cost of the transcript; that the matter was overlooked until August 18th; that plaintiff's delay in ordering the transcript is more properly designated as excusable oversight than neglect; that the amount of testimony was such that ordinarily it would have been possible for the reporter to prepare the transcript before the last day for serving the transcript (August 24th), but during this time the reporter was suffering from some eye trouble and therefore did not get out the transcript as expeditiously as usual.

The judge considered that the application for an extension of time was made before expiration of the ninety-day period distinguishes the situation from "the cases decided by the supreme court during the past ten years," and so "relaxed" the "strictness of the policy" there enunciated.

The policy above referred to as enunciated by the court was not enunciated by the court, but was declared by an act of the legislature. The trial court was without power to "relax" a policy so declared. The duty of the court was to effectuate the policy declared by the legislature.

The statute on which the plaintiff relies in support of the order, sec. 269.45, Stats., provides that "the court or a judge may, upon notice and good cause shown by affidavit and upon just terms, extend the time within which any act or proceedings in an action . . . must be taken."

We are constrained to hold that the affidavits before the court when the order made was entered not only do not show good cause for extension of the time granted, but show quite the contrary. The order extending the time does not recite that it was made for good cause. The decision of the court expressly recites that good cause was not shown for not having the transcript prepared before August 18th, but indicates that for not securing it between August 18th and August 24th good cause existed for not securing it before the latter period because the transcript could ordinarily have been prepared within that period but preparation was prevented because the reporter had sore eyes in the interim. Passing the point that there is no evidence in the record that the reporter had sore eyes, or that sore eyes of the reporter prevented him from having the transcript ready by August 24th, it does not appear that the plaintiff's attorney requested the reporter to have the transcript ready by August 24th or to prepare it forthwith, or informed him that if delivery of it were not made by August 24th it would be too late for use for the purpose for which it was ordered. The court considered the delay from June 10th to August 18th in ordering a transcript as "excusable oversight" rather than "neglect." We do not so consider it. But, if so, not directing immediate preparation on August 18th or informing the reporter of necessity for it was itself neglect. As said in *Becker v. Smith,* 237 Wis. 322, 325, 296 N. W. 620: "It is considered that the facts stated by the plaintiff in his affidavit do not establish

'good cause.' At the very best they constitute a mere excuse for procrastination."

*By the Court.*—The order of the circuit court is reversed.