NEWMAN, Respondent, vs. NEWMAN, Appellant.

*June 7—June 30, 1950.*

*John Morrissy* of Lake Geneva, for the appellant.

For the respondent there was a brief by *Trinke & Raup* of Lake Geneva, attorneys, and *Kenney, Korf & Pfeil* of Elkhorn of counsel, and oral argument by *William F. Trinke.*

FRITZ, C. J.   The divorce was granted on proof of facts alleged in plaintiff's complaint that defendant had delusions that she had been unfaithful to him and that it was no longer safe for her to live with him.  The only contested issue for the court to decide was the division of their property between the parties.  After the commencement of the trial in open court, the attorneys for the parties drew up in the judge's chambers and in his presence a written list of defendant's assets, and after the discussion thereof by the attorneys they placed, as to each asset, the value thereof as agreed upon between them. Then the agreement, marked Exhibit No. 1, was put into the record of the trial by the following court procedure.  The wife's attorney said, "What about stipulating as to these assets?" and the defendant's attorney replied, "I am willing to stipulate that Exhibit No. 1 is a true and correct statement of the assets of the parties to the best of our knowledge. I move that the stipulation be received."  Pursuant thereto Exhibit No. 1 was received in evidence.  Thereupon the court stated in an oral decision that the assets listed in Exhibit No. 1 should be divided on a "fifty-fifty" basis, after some minor items were paid.  Accordingly the court, in its written findings and conclusions of law stated: "That by agreement with defendant's attorney, the defendant's assets were listed as follows."  Then after stating in the court's written findings

the items listed and the monetary amount as to each item listed in Exhibit No. 1, the court stated in its conclusions of law, "That the allegations in the complaint are true; that the division of the estate as listed above shall be embodied in the terms of the judgment." The judgment of divorce was entered accordingly.

Defendant contends on his motion to reopen the case that although the above-stated court procedure was duly noted in the record of the trial, he is not bound thereby because (1) the stipulated list was not entered in the minutes other than by reference; (2) it was not signed; and (3) the defendant did not know its contents. In addition to the matters stated above, there was submitted on the hearing of defendant's motion the uncontroverted statement in an affidavit by plaintiff's attorney that immediately after the trial he was accompanied to his office by defendant and his attorney, and there the defendant was furnished· with a copy of said Exhibit No. 1; that defendant carefully examined said exhibit, which listed the Newman assets, including a store building at $22,500, and also showed the nature and value of the assets of each of the parties in the division and distribution of $32,367.46 to each of them as the court had adjudged; and that after defendant carefully examined that exhibit, he signed quitclaim deeds to plaintiff covering said store building and a · lot at Lake Geneva.

Neither the evidence on the trial, including Exhibit No. 1, which resulted in the judgment entered on January 20, 1949, nor the subsequent proceedings on defendant's motions to reopen the case, which were denied in August, 1949, and January 11, 1950, respectively, admit of finding or concluding that either the stipulation as to the division of property in question, or the judgment based thereon or the subsequent orders denying defendant's motions to reopen the case were obtained against him through his mistake, inadvertence, surprise, or neglect. Those motions were addressed to the dis-

cretion of the trial court, and in its denial thereof there does not appear to have been any abuse of discretion which could be deemed to warrant a reversal of the court's decisions. Consequently, the order under review must be affirmed. *State ex rel. Borgen v. Nitz,* 252 Wis. 155, 161, 31 N. W. (2d) 193.

*By the Court.*—Order affirmed.