Town of Greenfield, Respondent, vs. City of Milwaukee, Appellant: City of West Allis, Interpleaded Defendant. [Two cases.]

*March 8—April 3, 1951.*

For the appellant there was a brief by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski,* assistant city attorney, and oral argument by *Mr. Maruszewski.*

*J. Finn Grimes,* attorney, and *C. R. Dineen* and *Neal J. Gleason* of counsel, all of Milwaukee, for the respondent.

MARTIN, J. The order of the court states that it was made as follows:

". . . upon all the files and proceedings heretofore had, and upon the affidavit attached to the order to show cause,

"It is ordered, that the time for service for a bill of exceptions in said matter should be extended until the 15th day of December, 1950."

The court in determining that the time for the bill of exceptions should be extended said as follows in the record of the argument:

"Well, on the basis of the record herein, it appearing to the court, and the court being familiar with the fact that the issues were rather complicated and that there was much at stake, that the court cannot find that the town of Greenfield in waiting until November 14th to order a transcript of testimony was neglectful; and in view of the fact that it has been physically impossible for the reporter of this court to fill the order,—that is, to furnish the transcript by today,—due to the press of work that he has had, the court now extends the time for the service of the bill of exceptions to the 15th day of December, 1950."

Sec. 269.45 (1), Stats., provides:

"The court or a judge may with or without notice, for cause shown by affidavit and upon just terms and before the time has expired, extend the time within which any act or proceeding in an action or special proceeding must be taken, except the time for appeal."

The affidavit of plaintiff-respondent states that judgment was entered in the actions on August 29, 1950, notice of appeal in both cases was served on November 15, 1950, and that the time for service of bill of exceptions would expire on November 28, 1950. On November 14, 1950, the plaintiff requested the court reporter to prepare transcripts of the testimony for inclusion in the bill of exceptions, and the reporter, because of a large amount of work in process, could not complete the transcripts before November 27, 1950, which would leave an insufficient time for the plaintiff to perfect and file the bill of exceptions. The facts as stated in the affidavit were not denied or controverted by the appellant herein.

The record discloses that good cause was shown to the court as a basis for the order even though the words "good cause" were not actually written into the order. The order was not entered or granted as a matter of grace to the town of Greenfield, but upon good and sufficient cause.

Sec. 270.47, Stats., provides that time for the service of the bill of exceptions must be within ninety days after serv-

ice of notice of entry of judgment. The town of Greenfield served its notice of appeal, made its request for copy of the transcript, brought its motion for extension of time in which to serve the bill of exceptions, had the motion heard and the court granted the order extending the time, all within the ninety-day statutory period provided. The reporter indicated that a request for transcripts would have been futile even three weeks prior to November 14, 1950.

Appellant relies on *Bramman v. Teutonia Recreation Co.* (1943), 242 Wis. 620, 9 N. W. (2d) 113. In that case the notice of appeal was served June 10th, and the transcript was not ordered until August 18th, six days before the expiration of the ninety-day period for serving a bill of exceptions. The plaintiff's attorney did not direct the court reporter, who could have proceeded forthwith, that immediate preparation was to be made of the transcript of testimony, or inform the reporter of the necessity therefor. The affidavit therein was controverted by affidavit of the court reporter. Other cases cited by appellant are also distinguished from the instant case.

It is well established that the power conferred by sec. 269.45, Stats., is highly discretionary, and the determination of the trial court is not to be disturbed except in cases where it clearly appears that it has been abused. *Banking Comm. v. Flanagan* (1940), 233 Wis. 405, 411, 289 N. W. 647.

We find no abuse of the trial court's discretion. The order extending time for service of the bill of exceptions was based upon cause shown by affidavit and substantiated by testimony.

*By the Court.*—Order affirmed.