WILLIAMS, Respondent, vs. MILES and wife, Appellants.

*January 11—February 8, 1955.*

For the appellants there was a brief by *Jedney, Lund & Sherman* of Black River Falls, and oral argument by *Ralph S. Lund* and *Berton D. Sherman.*

For the respondent there was a brief by *Louis I. Drecktrah* of Black River Falls, and *Fugina, Kostner, Quinn & Ward* of Arcadia, and oral argument by *Mr. Drecktrah* and *Mr. La Vern G. Kostner.*

GEHL, J. The briefs of the parties are devoted almost entirely to a discussion of the question whether the Brands are *bona fide* purchasers and how the determination of. that issue should affect the result of this appeal. Defendants contend that they are not and that consequently the trial court erred in not opening the judgment.

If defendants' contention constituted a direct attack upon the title of the Brands we would clearly have before us the question whether they should be treated as *bona fide* purchasers. However, we are not here presented with that issue. We are concerned with but one question: Did the trial court abuse its discretion in denying defendants' motion? Its ruling may not be disturbed except for such abuse. Sec. 269.46, Stats.; *Mortgage Discount Co. v. Praefke,* 213 Wis. 97, 250 N. W. 846. In the short memorandum opinion filed by the trial judge there is particular reference to the fact that the interests of the Brands, who are not yet parties to this action, are involved. We do not construe the opinion as stating that as the only factor considered by the court in its conclusion.

There are other circumstances which undoubtedly influenced the trial court in arriving at its conclusion. The lot was intended to serve as a part of a site for an automobile service station. For sufficient area the adjoining lot was needed and was bought only after plaintiff had obtained the judgment and was thus assured that the two lots were available for the site. Neither plaintiff nor Brands had use for either lot without the other. The Brands were not made parties to this action nor were they given an opportunity to assert and protect their rights under their deed.

The motion of defendants is supported only by the affidavits of Emma Miles. She states that after service of the summons and complaint upon her she called upon plaintiff's attorney and "objected to the action;" that she did not think it was necessary to employ an attorney and assumed that the objection which she had made to plaintiff's attorney was sufficient; that her husband became sick while the action was pending and that the time and energy spent by her in his care "upset her mentally;" that she did not know of the effect of her failure to appear, and that when she learned of the judgment she immediately consulted an attorney to ascertain what her rights were. She does not charge that any misrepresentation was made to her by the attorney for the plaintiff when she called upon him. Nor does she charge that anything which he said induced her to act or omit to act.

We would not be warranted in saying that the trial court abused its discretion when no more than the foregoing was offered by defendants as their excuse for their default. Certainly, that must be said when it is considered also that the rights and interests of persons who are strangers to the record are involved. 31 Am. Jur., Judgments, p. 320, sec. 796; 49 C. J. S., Judgments, p. 558, sec. 306.

*By the Court.*—Order affirmed.