PASCHONG, Appellant, v. HOLLENBECK and others, Respondents.

*March 6—April 3, 1962.*

For the appellant there were briefs by *Paulsen, Wake & Prosser,* and oral argument by *Jack R. Wiedabach,* all of Milwaukee.

For the respondents there was a brief by *Mittelstaed, Heide, Sheldon & Hartley* of Kenosha, and oral argument by *William A. Sheldon.*

BROWN, J. The present record, as appellant asserts, is precisely the same as the record on the prior appeal except for a further affidavit by Mr. Durr, holder of the second mortgage and purchaser of the real estate at the foreclosure sale. The facts given in the affidavit relate to payment of assessments for utilities after Durr became the owner, and payment for certain improvement on the premises. We are willing to accept appellant's conclusion: "In other words, the facts considered by Judge BAKER in reaching the decision under consideration here are precisely the same facts as were previously presented to this [supreme] court on the prior appeal."

That being so, appellant takes the position that those facts require the trial judge to set aside the order of September 14, 1959. Our direction to the trial court to exercise its discretion is interpreted by appellant to be the equivalent of a command to the trial court to grant appellant's motion. We do not so construe it and are surprised that it should be so construed. A remand to the trial court to exercise discretion does not contain the thought that the discretion can properly be exercised in one manner only. When that is the case we say what the order should be and remand the cause with directions to the trial court to enter that order. By our decision that the trial court could and should exercise its discretion in effect we certified that there was room in the facts which did not confine the court to one result, predetermined by the decision in the first appeal.

Of course we do not commit ourselves in advance to affirmation of whatever a trial court may decide on such a remand. Abuse of discretion by the trial court would still produce a reversal here and now. But we are unable to find

that the learned trial court has abused the discretion which we assured him he possessed. After a thorough study of the record and the persuasive arguments submitted by the respective parties, Judge BAKER summed up his opinion in this paragraph:

"In conclusion I wish to assert that I have attempted to state frankly and fully the elements I consider appropriate in determining the proper exercise of discretion. Mr. Durr has simply followed the law. He, too, had a lien which was subject only to the first-mortgage lien and to tax certificates. His lien upon the land was also terminated by the confirmation of the sheriff's sale leaving in him the same right to apply for the surplus as was accorded to Mr. Paschong and when Mr. Paschong did not make application Mr. Durr became legally entitled to the entire proceeds then on deposit in the court. He has followed the law as it has been laid down by our court and I cannot believe that it is fair to deprive him of what he is entitled to under the law in favor of one who made no application and no effort to share in the surplus. The exercise of discretion in the trial court in my opinion requires a denial of the motion to set aside the order of September 14, 1959."

Upon the whole record we conclude his decision is a legitimate exercise of judicial discretion and his order shall be affirmed.

*By the Court.*—Order affirmed.