WESOLOWSKI, Respondent, v. WESOLOWSKI, Appellant.

*January 12—February 1, 1966.*

17

For the appellant there were briefs and oral argument by *John C. Shabaz* of West Allis.

For the respondent there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, for Rose Wesolowski, and *Charles F. Schroeder* of Milwaukee, for David J. Schoetz, receiver, and oral argument by *Mr. Gerald T. Hayes* and *Mr. Schroeder.*

CURRIE, C. J.    Defendant's motion to vacate the judgment is controlled by sec. 269.46 (1), Stats., which provides:

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense."

The only reason advanced by defendant in his affidavit for his not having appeared to defend plaintiff's action against him on the note was that he did not employ a lawyer. The trial court held that this was insufficient to establish that the judgment had been entered against him through mistake, inadvertence, surprise or excusable neglect. We determine that there was no abuse of discretion on the part of the trial court in denying defendant's motion on that ground.[1]

However, there exists an even stronger ground for affirming the order denying the motion to vacate. This is that defendant's proposed answer fails to disclose a defense as required by sec. 269.46 (1), Stats. The proposed answer does not deny that defendant executed the note, but alleges that it was not the intention of the parties, as evidenced by the terms of the divorce property settlement, to have the note contain the acceleration clause contained therein. There is no allegation that the acceleration clause was included in the note by mutual mistake of the parties nor is any relief sought by way of reformation. Such an answer fails to state a defense.

In *Bohn Mfg. Co. v. Reif*[2] this court considered whether defendants' answer set forth any defense to an action on a promissory note they had signed. The note was plain and unambiguous, but one of defendants' defenses set forth in the answer was that they and plaintiff had agreed to form a corporation in the future and that they gave the note and plaintiff received it with the understanding that defendants were signing the note for the corporation and not for themselves. In emphatically holding that this allegation stated no defense to an action on a promissory note the court said:

"No mutual mistake is alleged, nor is there any attempt to state an equitable counterclaim for reformation of the written agreement; but the bald proposition seems to be

[1] *Williams v. Miles* (1955), 268 Wis. 632, 68 N. W. (2d) 451.
[2] (1903), 116 Wis. 471, 93 N. W. 466.

that the effect of a plain and unambiguous written agreement may be changed by proof of an oral mental understanding of the parties, so that it shall mean something entirely different. . . . It is therefore plain that this part of the answer states no defense." [3]

Defendant has requested that this court, if it finds against him on the merits, exercise its discretionary power under sec. 251.09, Stats., and in the interest of justice reverse the order and permit defendant to defend and interpose his answer. Because, on the record before us defendant does not appear to have any valid defense to plaintiff's complaint, we are not convinced that there has been a miscarriage of justice. Therefore, this is not a proper case in which to reverse in the interest of justice.

*By the Court.*—Order affirmed.