COURT OF APPEALS
DECISION
DATED AND FILED

July 3, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP457**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021CV109

**IN COURT OF APPEALS
DISTRICT IV**

ALLIANT CREDIT UNION,

    PLAINTIFF-RESPONDENT,

V.

COLUMBUS COMMERCE CENTER, LLC,

    DEFENDANT-APPELLANT,

MICHAEL EISENGA,

    DEFENDANT.

APPEAL from an order of the circuit court for Columbia County: TROY D. CROSS, Judge. *Affirmed*.

Before Kloppenburg, P.J., Graham, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Columbus Commerce Center, LLC ("the LLC"), appeals a circuit court order denying the LLC's motion to vacate a default judgment on either of two separate grounds: excusable neglect under WIS. STAT. § 806.07(1)(a) or extraordinary circumstances under § 806.07(1)(h) (2023-24).[1] The LLC argues that the court erroneously exercised its discretion by denying relief from judgment on each of these grounds. We are not persuaded by the LLC's arguments as to either ground, and we affirm the circuit court. As discussed further below, the LLC's arguments largely boil down to the LLC's disagreement with the court's reasonable determinations that errors by counsel should be imputed to the LLC and that the LLC failed to act as a reasonable and prudent client.

## *Background*

¶2 We have addressed other aspects of this case in a previous appeal, *Alliant Credit Union v. City of Columbus*, No. 2022AP258, unpublished slip op. (WI App March 30, 2023). Here, for context, we summarize some of the background from our opinion in that appeal.

¶3 Alliant Credit Union filed a complaint in which the LLC and an individual named Michael Eisenga were among the defendants. *Id.*, ¶¶1-2. Eisenga is the managing member of the LLC and may also be its sole member.[2] Attorney William Gergen filed an answer on behalf of the LLC, but neither Gergen nor anyone else filed an answer at that time on behalf of Eisenga. *Id.*, ¶5.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] In the circuit court following Gergen's withdrawal from representation, the current counsel for Columbus Commerce Center, LLC ("the LLC") acknowledged that Eisenga is the LLC's managing member, and counsel also stated that "I think he's the only member, certainly the most significant member."

¶4      Alliant filed a motion for default judgment against Eisenga.  *Id.*, ¶8. Gergen then filed all of the following: (1) an answer on behalf of Eisenga, (2) a motion to enlarge the time to file the answer, and (3) a supporting affidavit.  *Id.*, ¶9. In the affidavit, Gergen averred that he mistakenly thought that he had filed an answer on behalf of Eisenga when he filed the answer on behalf of the LLC.  *Id.*

¶5      The circuit court denied the motion to enlarge time, and the court granted Alliant's motion for default judgment against Eisenga.  *Id.*, ¶12.  The court noted that it viewed the facts relating to Gergen's errors in the case as "extreme." *Id.*, ¶11.

¶6      Eisenga appealed, and we affirmed.  *Id.*, ¶1.  Eisenga petitioned for review, and the supreme court denied the petition.

¶7      Gergen informed the LLC that he intended to move to withdraw as counsel, and he filed a motion to withdraw.  The circuit court scheduled a hearing, but Gergen did not attend or inform the LLC of the hearing because he thought that the court had already granted his motion to withdraw.

¶8      The circuit court later issued an order granting Gergen's motion to withdraw.  According to the LLC, it did not receive notice of this order because Gergen failed to provide it or inform the LLC of Gergen's withdrawal from further representation.

¶9      It is undisputed that no one appeared for the LLC at a subsequent hearing.  Alliant moved for default judgment against the LLC.

¶10     Gergen received notice of Alliant's motion for default judgment against the LLC, but he had no record of sending it to the LLC, and he took no action

to contest the motion. The circuit court granted the motion and entered default judgment against the LLC.

¶11 After retaining new counsel, the LLC moved to vacate the default judgment against it on grounds of excusable neglect under WIS. STAT. § 806.07(1)(a) and extraordinary circumstances under § 806.07(1)(h). The LLC argued that its failure to appear after Gergen withdrew and its failure to respond to the motion for default judgment were the result of Gergen's errors and were excusable neglect by the LLC. The LLC also argued that there were extraordinary circumstances justifying relief from the default judgment. The circuit court denied the motion, and the LLC now appeals.

### *Discussion*

¶12 Whether to grant relief from a judgment under WIS. STAT. § 806.07 based on excusable neglect or extraordinary circumstances is a discretionary decision for the circuit court. *J.L. Phillips & Assocs., Inc. v. E & H Plastic Corp.*, 217 Wis. 2d 348, 364, 577 N.W.2d 13 (1998) (as to excusable neglect under § 806.07(1)(a)); *Miller v. Hanover Ins. Co.*, 2010 WI 75, ¶29, 326 Wis. 2d 640, 785 N.W.2d 493 (as to extraordinary circumstances under § 806.07(1)(h)). The court properly exercises its discretion if it "examine[s] the relevant facts, applie[s] a proper standard of law and, using a demonstrated rational process, arrive[s] at a conclusion a reasonable judge could reach." *Dickman v. Vollmer*, 2007 WI App 141, ¶27, 303 Wis. 2d 241, 736 N.W.2d 202.

¶13 An appellate court "'will not reverse a discretionary decision by the [circuit] court if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision.'" *Miller*, 326 Wis. 2d 640, ¶30

(quoted source omitted). "We generally look for reasons to sustain a circuit court's discretionary determination." *Id.*

### A. Excusable Neglect

¶14 We first address the LLC's argument that the circuit court erroneously exercised its discretion by declining to grant relief from the judgment based on excusable neglect under WIS. STAT. § 806.07(1)(a). We reject this argument for the reasons that follow.

¶15 "Excusable neglect is not synonymous with neglect, carelessness or inattentiveness." *Sentry Ins. v. Royal Ins. Co. of Am.*, 196 Wis. 2d 907, 915, 539 N.W.2d 911 (Ct. App. 1995). Rather, it is "that neglect which might have been the act of a reasonably prudent person under the circumstances." *Id.*

¶16 When, as here, the issue of excusable neglect involves errors by counsel, the circuit court's discretion extends to the question of whether counsel's errors should be imputed to the client. "[W]hile the [circuit] court need not impute the negligence of the attorney to the client, it has the discretionary power to do so." *Wagner v. Springaire Corp.*, 50 Wis. 2d 212, 221, 184 N.W.2d 88 (1971).

¶17 In deciding whether to impute counsel's errors to the client, the circuit court asks whether the client has acted as a "reasonable and prudent person." *Id.* at 220. "[M]istakes, ill advice, or other failures of an attorney may constitute 'excusable neglect' by a client, where the client has acted as a reasonable and prudent person in engaging an attorney of good reputation, has relied upon [the attorney] to protect [the client's] rights, and has made reasonable inquiry concerning the proceedings." *Id.*

5

¶18     Here, although some of the circuit court's reasoning could have been clearer, we conclude that the record sufficiently demonstrates that the court determined, and reasonably so, that Gergen's errors relating to the default judgment against the LLC should be imputed to the LLC, and that the LLC failed to act as a reasonable and prudent person during the relevant time period. The court noted that the LLC knew that Gergen's earlier errors had led to the default judgment against Eisenga. The court also noted that the LLC chose to continue with Gergen as its counsel after that default judgment, despite having ample time to change attorneys. The court also rejected the LLC's implausible assertion that the LLC reasonably believed that the entire matter had concluded when the supreme court declined to grant review in Eisenga's individual appeal.

¶19     Further, other undisputed facts support a determination that the LLC failed to act as a reasonable and prudent person. For instance, the LLC concedes that Gergen informed the LLC of his intention to move to withdraw from representing the LLC, and the LLC further concedes that Gergen "stopped communicating" with the LLC. Yet, the LLC points to no evidence that it made reasonable inquiries into the status of the proceedings over a period of months once it knew that Gergen intended to withdraw and he had stopped communicating with the LLC.

¶20     In arguing that the circuit court's refusal to find excusable neglect by the LLC was unreasonable, the LLC focuses on Gergen's errors that most directly led to the default judgment against the LLC. The most prominent of these errors include Gergen's failure to keep the LLC informed of the ongoing proceedings against the LLC and failure to keep the LLC informed of its representation status. However, the LLC downplays or ignores its knowledge of Gergen's earlier errors as well as its own duty to act as a reasonable and prudent person.

¶21 The LLC argues that the recent case of ***Scudder v. Concordia University, Inc.***, 2025 WI App 13, 415 Wis. 2d 318, 18 N.W.3d 173, shows that the circuit court should not have imputed Gergen's errors to the LLC.[3] We disagree and conclude that ***Scudder*** instead helps illustrate why the court's decision here was reasonable. Although we concluded in ***Scudder*** that an attorney's errors there should not be imputed to the attorney's client, *see **id.***, ¶¶38-47, our conclusion was based, in significant part, on factual circumstances that differ notably from those here.

¶22 In ***Scudder***, counsel had expressly assured his client that he was continuing to represent her and properly litigate her case, and the client made reasonable inquiries into the status of the proceedings as soon as she had reason to believe otherwise. ***Id.***, ¶¶11, 42. Here, the LLC points to no similar assurances by Gergen; on the contrary, as already noted, the LLC concedes that Gergen informed the LLC of his intention to withdraw and that Gergen stopped communicating with the LLC. Further, the LLC points to no evidence that it made similar reasonable inquiries into the status of the proceedings. Additionally, in ***Scudder***, we repeatedly noted that the client was a "first-time" litigant, and we appeared to view that as a significant factor. *See **id.***, ¶¶38, 42. Here, in contrast, there is no dispute that the LLC and its managing member, Eisenga, are more experienced litigants.

### B. Extraordinary Circumstances

¶23 We turn to the LLC's argument that the circuit court erroneously exercised its discretion by declining to grant relief from the judgment based on

---

[3] After briefing in this appeal was complete, the LLC filed a letter identifying ***Scudder v. Concordia University, Inc.***, 2025 WI App 13, 415 Wis. 2d 318, 18 N.W.3d 173, as a supplemental authority, and Alliant filed a letter in response. *See* WIS. STAT. RULE 809.19(10) and (11).

extraordinary circumstances under WIS. STAT. § 806.07(1)(h). We are not persuaded by this argument for the reasons that follow.

¶24 WISCONSIN STAT. § 806.07(1)(h) "is a 'catch-all' provision" that "'gives the [circuit] court broad discretionary authority and invokes the pure equity power of the court.'" *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶9, 282 Wis. 2d 46, 698 N.W.2d 610 (quoted source omitted). The provision "is to be liberally construed to provide relief from a judgment whenever appropriate to accomplish justice." *Shanee Y. v. Ronnie J.*, 2004 WI App 58, ¶11, 271 Wis. 2d 242, 677 N.W.2d 684. In deciding whether extraordinary circumstances exist, the court considers a "'wide range of factors.'" *Miller*, 326 Wis. 2d 640, ¶36 (quoted source omitted).

¶25 The LLC's argument relating to extraordinary circumstances is not well developed, and not until the LLC's reply brief does the LLC reference several of the factors that are part of the test for extraordinary circumstances. Even then, the LLC's treatment of those factors is cursory, and we decline to consider these parts of the LLC's argument. "It is a well-established rule that we do not consider arguments raised for the first time in a reply brief." *Bilda v. County of Milwaukee*, 2006 WI App 57, ¶20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661.

¶26 What remains is the LLC's contention that the errors by Gergen that most directly led to the default judgment against the LLC constitute extraordinary circumstances. The LLC argues that "the failures of Attorney Gergen to properly advise [the LLC] as to its continuing obligations, to appear at a court hearing, to notify [the LLC] of future court hearings or his ultimate withdrawal, combined with the failure of notice to [the LLC], clearly constitute extraordinary circumstances."

¶27 In other words, the LLC's argument for extraordinary circumstances is based on the same errors by Gergen that the circuit court determined should be imputed to the LLC. We have already explained why that determination was reasonable and why it was also reasonable for the court to determine that the LLC failed to act as a reasonable and prudent person. The LLC does not develop an argument explaining why, even if those determinations were reasonable, there are extraordinary circumstances. Accordingly, the LLC does not persuade us that the court erroneously exercised its discretion by denying relief from the judgment based on extraordinary circumstances.

¶28 Before concluding, we briefly address one final point relating to the test for extraordinary circumstances. Although the LLC references this point for the first time in its reply brief, we briefly comment on it. When the circuit court decides a motion for relief from a judgment based on extraordinary circumstances under WIS. STAT. § 806.07(1)(h), the court is required to either accept the motion's factual allegations as true or to hold an evidentiary hearing on the allegations. *Sukala*, 282 Wis. 2d 46, ¶10. Here, the court did not hold an evidentiary hearing. However, the court's decision leaves no doubt that the court accepted the relevant factual allegations relating to Gergen's conduct as true, and the LLC does not develop an argument showing that the court refused to accept any other relevant factual allegations as true. Accordingly, we see no basis to reverse on that ground.

¶29 In sum, for all of the reasons discussed above, we affirm the circuit court's order denying the LLC's motion for relief from judgment.

*By the Court*.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

9