HUNTZICKER, Appellant, vs. DANGERS and another, Respondents.

*October 23—November 11, 1902.*

*Mortgages: Foreclosure: Preventing bidding at sale: Accounting for proceeds of subsequent sale: Collateral security: Enforcement after payment.*

1. Where a mortgagee, by inducing prospective buyers not to bid at a foreclosure sale, was enabled to bid in the lands at much less than their value, and almost immediately thereafter sold the lands to one who was present at the foreclosure sale at an advance of more than fifty per cent., he must account to the mortgagor for at least the amount he actually received for the lands.

2. Where, in an action to foreclose a mortgage assigned to plaintiff as collateral security for a debt, it appears that the debt has been fully paid and satisfied, the complaint should be dismissed, plaintiff's interest in the mortgage having been extinguished by such payment.

APPEAL from a judgment of the circuit court for Clark county: E. W. HELMS, Judge. *Affirmed.*

Action to foreclose mortgage given by defendant *Burghard Dangers* under the following circumstances: Defendant Frederick Klopf and several others were interested as stockholders or directors in the Neillsville Manufacturing Company, and were already under an agreement to share amongst themselves, in equal, one-seventh proportions, the supply of money or credit necessary for that company. It was found necessary to borrow $10,000. Klopf obtained the loan from the plaintiff by giving note and mortgage on January 7, 1895, upon sixty-seven forties of land belonging to him, whereupon this defendant, as also each of the other directors and stockholders, separately, gave Klopf a bond in the sum of $1,428.57 (one-seventh of the $10,000), reciting that it is the duty of the directors to secure said Klopf against liability, and therefore conditioned to be void if the corporation should repay him said sum of $10,000, with all costs and charges to which he should be put, and agreeing that in case said Klopf should at any time pay said note and mortgage, or any part thereof, he, the defendant *Burghard Dangers,* would repay to said Klopf, on demand, one-seventh of the whole amount so paid by him. The bond also recited that it and its security might be assigned to said *Huntzicker* as collateral security for said $10,000 note and mortgage, and, when so assigned, "may be enforced by said *Victor E. Huntzicker* in the same manner which it might have been enforced if still held by said Frederick Klopf." That bond was secured by a mortgage on certain of said defendant's property. It was, together with the bonds and mortgages of the other directors,

at once assigned to the plaintiff as collateral security for the $10,000 note. All these papers were dated January 7, 1895.

During 1896 and 1897 certain small payments were made on the $10,000 note and mortgage, both by the corporation and by Klopf, sufficient to pay interest thereon up to about January, 1896, and some $900 of the principal. Meanwhile, however, the plaintiff had proceeded to foreclose that mortgage, and on April 13, 1897, entered up judgment for the sum of $10,045.66 for principal and interest, and $199.33 costs and solicitor's fees. Small payments by Klopf and the corporation appear to have continued after the entry of the judgment, and some payments appear to have been made by certain of the other directors upon their individual one-seventh bonds and mortgages, similar to the one here in suit; but on June 4, 1898, a foreclosure sale was made by the sheriff of all of the land covered by the $10,000 mortgage, in separate parcels, for a total of $6,530, at which sale ten forties were sold to Jesse Lowe at the price of $943, and twenty-six forties to the plaintiff for the sum of $4,840. Within thirty days after the sale the plaintiff transferred the land so purchased by him to Jesse Lowe, and received from him in payment therefor, and for the ten forties struck off to Lowe at the sale, the sum of $8,290.69; being an increase of $2,560.79 over the prices bid at such sale.

The complaint in this action seeks to foreclose the collateral mortgage for one-seventh of the amount paid by Klopf, treating the proceeds of the foreclosure sale as one of such payments; such one-seventh being less than the face of the bond and mortgage. The circuit court found that, at the foreclosure sale, agreements were entered into between the plaintiff and other persons present at said sale, including one Jesse Lowe, not to bid in competition; also that representations were made by the plaintiff which deterred and stifled bidding; and that said lands sold for much less than they would have sold for but for such agreements and representa-

tions, and for much less than their real value. The court also found that one of the one-seventh collateral mortgages had been paid in full to the plaintiff, and that he had received the whole of another, partly by payment from the mortgagor, and partly by sale and transfer of said bond and mortgage to Jesse Lowe. Applying such payments and the amount actually received by the plaintiff from the land upon its sale to Jesse Lowe, it was found that plaintiff's $10,000 mortgage had been paid in full before the commencement of this action. The court also found that the plaintiff was not the owner of said mortgage, but had transferred the same and all his rights thereunder to Jesse Lowe before the commencement of this action, and therefore was not the real party in interest. On both of these grounds it was held, as conclusion of law, that plaintiff was not entitled to judgment, and that the defendant was. Accordingly judgment was entered dismissing the complaint, from which plaintiff appeals.

For the appellant there were briefs by *L. M. Sturdevant* and *S. M. Marsh,* and oral argument by *Mr. Marsh.*

For the respondents there was a brief by *Chas. F. Grow* and *J. R. & C. R. Sturdevant,* and oral argument by *Mr. Grow.*

DODGE, J. The findings declare, *inter alia,* that by means of certain representations the plaintiff induced prospective buyers to refrain from bidding at the foreclosure sale, and thereby was enabled to bid in the lands at less than otherwise possible, and much less than their value. This finding has support in the testimony of a witness that he desired to purchase certain eight forties, and would have gone as high as $3,000 for them, but was deterred by plaintiff's request that he be permitted to buy without interference, as he could handle the lands to better advantage afterward at private sale, and Klopf was to have the benefit of anything obtained from such sales, and that plaintiff did bid in that particular land for about $1,600. It has further support in the fact that

plaintiff did, almost immediately after the foreclosure, sell all of the lands bid in by him to one who was present at the sale for more than fifty per cent. advance over the sum at which they were bid in.   Still other facts and circumstances tend in the same direction, but the foregoing are sufficient. True, the plaintiff denied making any such representations, but we are unable to say that any clear preponderance of evidence antagonizes the finding.   From such fact it results that, while the foreclosure sale, followed by order of confirmation, may have served to transfer legal title, the plaintiff, on most elementary principles of accounting between mortgagor and mortgagee, must be charged with at least the amount he in fact received for the lands.   Upon being so charged, it is entirely apparent that the evidence supports the further finding that the debt of $10,000, as collateral security for which defendant's mortgage was assigned, had been fully paid and satisfied before this action was commenced.   From this condition but one conclusion can be drawn: Upon the satisfaction of the debt the collateral, *ipso facto,* reverted to the assignor of defendant's mortgage, Frederick Klopf, and all right or interest of the plaintiff was extinguished.   At the time of commencing this action, therefore, he could not be the real party in interest in the relief sought.   He could have no right to recover anything from defendant.   Hence the judgment dismissing the complaint is right, and there is no necessity to consider whether certain other findings of fact and conclusions of law leading to the same result are well founded.

*By the Court.*—Judgment affirmed.