STATE, Respondent, v. OMERNICK, Appellant.

*September 6—October 3, 1961.*

For the appellant there was a brief and oral argument by *Robert W. Dean* of Wausau.

· For the respondent the cause was argued by *Albert Harriman,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

HALLOWS, J. The only question presented is whether the trial court abused its discretion in denying the motion to vacate the judgment and reopen the case under sec. 269.46 (1), Stats.[1] The statute is not mandatory but places a

[1] "269.46 RELIEF FROM JUDGMENTS, ORDERS, AND STIPULATIONS; REVIEW OF JUDGMENTS AND ORDERS. (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise, or excusable neglect and may supply an omission in any proceeding."

judicial discretion upon the trial court to vacate a default judgment if the grounds for such vacation are shown. *Paschong v. Hollenbeck* (1961), 13 Wis. (2d) 415, 108 N. W. (2d) 668; *Williams v. Miles* (1955), 268 Wis. 632, 68 N. W. (2d) 451; *Welfare Bldg. & Loan Asso. v. Breuer* (1933), 213 Wis. 97, 250 N. W. 846.

The defendant argues the court abused its discretion because all formal requisites for the granting of the motion were complied with, the appellant demonstrated a mistake in failing to file his answer, no injustice to the opposing party would have resulted, and he had a meritorious defense. We may assume arguendo the defendant is correct in his arguments with the exception of whether he has shown such a mistake as ought to relieve him. The defendant claims he was under the mistaken belief that no judgment would be entered against him in the absence of his personal appearance in court. The trial court apparently did not believe the defendant was laboring under a mistake and if he were, it was not such as would justify vacating the judgment.

From a reading of the record, it is apparent the actions of the defendant were more in the nature of a defiance of the court's orders and of the law than of an honest belief in his rights and of a sincere attempt to protect them. The defense of the unconstitutionality of the permit statute, which the defendant now wishes to raise, was known to him prior to the entry of the default judgment. In his letters to the attorney general, he raised these questions and stated he was ready to litigate them. He was advised several times of the necessity of filing an answer to raise these and any other issues, and even threatened to bring his own lawsuit. If he had a *bona fide* belief that a default judgment either would or could not be entered unless he personally appeared in court, that would not relieve him from putting in an answer. An answer is not a personal appearance. If

the defendant thought it was, then he admits he wilfully did not put in an answer and did not appear in court, in order to frustrate the administration of law and to protect himself in the manner he thought most beneficial to himself.

The mistake the defendant claims is of his own making. He was advised of the necessity of filing an answer on several occasions, which he failed for approximately a year to do. Nothing prevented him from filing his answer under the continued leniency of the attorney general, who extended the time for answering on several occasions. He failed to follow his attorney's advice to appear at the default hearing. Not until the defendant realized he was subject to and not above the law did he seek the aid of the law for his protection.

Mere compliance with the formal requirements of an answer and the lack of injustice to the opposing party are not sufficient statutory grounds under sec. 269.46 (1) for granting relief. One must show the judgment was taken against him through his mistake, inadvertence, surprise, or excusable neglect. The defendant's mistake, even considered as going to the failure to file an answer, is not of such a nature that ought to be relieved and it is immaterial whether we consider it one of law or fact. *Paschong v. Hollenbeck, supra.* See *Schwarz v. Strache* (1957), 275 Wis. 42, 80 N. W. (2d) 797, which involved a similar lack of cooperation and respect in the administration of law.

The defendant argues an abuse of discretion and lack of judicial temperament of the trial court are shown by three incidents. At the time of the hearing on the motion to reopen, the sheriff had $1,000 given to him by Mrs. Omernick, wife of defendant, but not in payment of the forfeiture. A stipulation presented to the court was to the effect that if the judgment were reopened, the money held by the sheriff would be security for the diligent prosecution of the defense

and for the payment of a forfeiture in the event the defense was found to be without merit, and pending trial, the defendant agreed to abide by the temporary injunction. In view of the prior proceedings, the conduct of the defendant, and the expense to the county and state which had accrued, the court was justified in feeling the way it did about relieving the defendant of the forfeiture. We see no evidence of a lack of judicial temperament in the remarks of the court, much less an abuse of discretion.

The second incident relied on by the defendant dealt with the confinement of the defendant in jail. The defendant was given outside privileges. The court stated such privileges should not have been extended to the defendant while serving a sentence for failure to pay the forfeiture. Such privileges were extended contrary to the order committing the defendant and contrary to sec. 288.09, Stats. 1959, which provides that liberties of the jail shall not be extended to a person imprisoned for failure to pay a forfeiture. Calling this matter to the authorities' attention was a court's duty and evidenced no lack of judicial temperament.

The third incident is predicated upon the position taken by the attorney general's office on the motion. The assistant attorney general stated he was not protesting or opposing the motion to vacate because in reopening a default judgment, the court had a broad discretion. It is no lack of judicial temperament or abuse of discretion not to reopen a default judgment because the attorney general did not oppose it. Even a stipulation of the parties to reopen the judgment would not be binding upon the court which must exercise its discretion on the grounds prescribed in the statute.

*By the Court.*—Order affirmed.