**In re Bernard N. BULT, Debtor.**

**Bankruptcy No. 88–03672.**

United States Bankruptcy Court,
E.D. Wisconsin.

Feb. 21, 1989.

Robert E. Sorenson, Hortonville, Wis., for New London S & L.

Bernard E. Bult, Appleton, Wis., pro se.

**M. DEE McGARITY, Bankruptcy Judge.**

This motion for relief from the automatic stay was filed on behalf of a creditor, New London Savings & Loan Association ("New London"). A final hearing on the motion was held on October 26, 1988. At that hearing, the court found that if New London has a valid perfected security interest in the property in question, there is no equity in the property. The court also found that the property is not necessary for an effective reorganization. Mr. Bult was no longer practicing law, and his plans for future use of the building were too speculative. (*See* court minutes of hearing.) This constitutes sufficient reason to lift the automatic stay. 11 U.S.C. § 362(d)(2). However, the court denied the creditor's motion subject to a finding that New London does indeed have an interest in that property. Based on the briefs and exhibits of the parties and for the reasons discussed in this opinion, the court finds that New London has a valid perfected security interest in the property and, consequently, will issue an order lifting the automatic stay to allow New London to contin-ue with foreclosure proceedings. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## FACTS

On April 30, 1984, the debtor, Bernard M. Bult, borrowed money from New London Savings & Loan Association and, for security, gave New London a mortgage on an office building at 111 Park Street, New London, Wisconsin. The debtor defaulted on the mortgage, and New London commenced foreclosure proceedings in state court in Waupaca County (Case No. 85–CV–588). A judgment of foreclosure in the amount of $93,548.75 was entered against the debtor on January 15, 1986. The property was not sold, however, because the debtor and New London stipulated to a settlement dated April 18, 1986. By the terms of that settlement, New London agreed to dismiss the action subject to reinstatement if the debtor did not comply with certain terms and conditions of the stipulation, including a lump sum payment of approximately $20,000 in two installments and monthly payments of $926.17. After payment of the lump sum amount, New London's attorney signed a satisfaction of judgment dated February 12, 1987. Mr. Bult testified that this was done with the idea that a new mortgage would replace the old one, but a new mortgage was never drawn up. In any case, Mr. Bult defaulted on the terms of the stipulation, and New London instituted a second foreclosure action (Case No. 87–CV–489). This time Mr. Bult asserted the defense of satisfaction of judgment, alleging that since New London had recognized the judgment as satisfied in full, this extinguished the underlying mortgage. New London moved for summary judgment with notice to all interested parties. Only Mr. Bult and the attorney for New London appeared at the hearing on October 27, 1987. Once again they arrived at a settlement, and the hearing went forward to place their stipulation on the record. This second agreement between the parties was approved *nunc pro tunc* to October 27, 1987, the date of the hearing, by order of the state court dated February

23, 1988. The relevant terms of that second stipulation were as follows:

1. The satisfaction of judgment in the first foreclosure was voided as having been made by mistake, and the first judgment against Bernard Bult in Case No. 85–CV–588 reinstated.

2. The mortgage and mortgage note of April 30, 1984, were recognized as still in effect and as a first and paramount lien against the mortgaged premises.

3. The only defense Bernard Bult would be allowed to raise in future proceedings was whether or not he had actually made the payments as required by the mortgage note and amended by this second stipulation.

Apparently, Mr. Bult was unable to make the payments required by the second stipulation. On April 27, 1988, New London sent Mr. Bult a notice of noncompliance, and the foreclosure in Case No. 85–CV–588 proceeded. A sheriff's sale was scheduled for August 23, 1988, but Mr. Bult filed his Chapter 11 petition the day before, staying those proceedings. New London then moved the bankruptcy court to lift the automatic stay.

## DISCUSSION

The only issue at this point is whether the satisfaction of judgment is still in effect and, if so, whether it has extinguished the mortgage held by New London so that New London no longer has a security interest in the property. New London says that the effect of the satisfaction does not matter since it was vacated by an agreement between the parties as having been made by mistake.

Mr. Bult argues that this agreement is itself void because no notice of a motion to reinstate the judgment was given to interested parties and because a judgment, order or stipulation may not be vacated for mistake except in response to a motion as specified in Wis.Stat. § 806.07. He argues further that, notwithstanding his agreement to the contrary, the satisfaction of judgment remains in effect and extinguishes the underlying mortgage.

## NOTICE

█ Mr. Bult does not claim that interested parties were not informed of New London's second initiation of foreclosure proceedings. These other interested parties included junior lienholders who appear to have no monetary stake in the proceedings because of insufficient value in the real estate. New London stated in its reply brief that all interested parties were given notice of its motion for summary judgment in that action, and only Mr. Bult appeared at the hearing. Mr. Bult did not contradict this assertion. Rather, he argues that prior notice of New London's intention to seek reinstatement of the judgment under 85–CV–588 should have been given these other parties as well. In his brief in opposition, he states that no one was given notice of New London's "request" to reinstate the judgment. (Debtor's brief in opposition to lift stay motions, p.3.) In his reply brief, he says that "no notice was provided as to any motion to reinstate the judgment." (Debtor's reply brief in opposition to lift stay motion, p.2.) This is not surprising since there was no such motion or request, the reinstatement having been arrived at by settlement. Secondly, the interested parties were informed that New London was attempting, once again, in Case No. 87–CV–489 to foreclose on its mortgage of April 30, 1984. They were also informed that New London had filed a motion for summary judgment in that action. Surely they would have known that one possible, even probable, result of the hearing on that motion was that New London would prevail. Still, they chose not to attend the hearing. New London argues, and this court agrees, that the notice given in this instance was sufficient to satisfy the requirements of due process.

█ New London also argues that even if notice to interested parties were defective, the debtor in possession has no standing to bring up that issue with regard to parties other than himself. Mr. Bult says that the Bankruptcy Code gives him standing under 11 U.S.C. §§ 1107 and 544. Section 1107 gives the debtor in possession all

the rights, duties and powers of a trustee.[1] Section 544 gives the debtor in possession or trustee all the rights of certain specified creditors.[2] Subsection (a) of § 544 deals only with hypothetical lien creditors and hypothetical bona fide purchasers. Subsection (a) is not applicable to the parties referred to by Mr. Bult who are *actual* lien creditors. Subsection (b) of § 544 refers exclusively to actual creditors holding unsecured claims. Mr. Bult's interested parties are creditors holding *secured* claims, or at least those who appear to be secured until there is some determination that they are not. Thus, § 544 does not confer on Mr. Bult, as debtor in possession, the rights of other parties to the foreclosure action nor standing to pursue due process grievances that they might possibly have.

## COMPLIANCE WITH WIS.STAT. § 806.07

■ Another argument of the debtor is that the second agreement with New London is void because New London did not follow the procedure prescribed by Wis. Stat. § 806.07. Section 806.07 explains that judgments, orders or stipulations may be vacated upon motion to the court for mistake or other reasons if the motion is made within a certain time period.[3]

If a party is trying to enforce an order or judgment entered by mistake, the appropriate response for an opposing party, according to the statute, is to move the court to correct the mistake. If, however, both parties decide to settle and stipulate that the

---

1. § 1107. Rights, powers, and duties of debtor in possession.
   (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, ... and powers, ... of a trustee serving in a case under this chapter.
   
   \* \* \* \* \* \*
   
   11 U.S.C. § 1107.

2. § 544. Trustee as lien creditor and as successor to certain creditors and purchasers.
   (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
   (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
   (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.
   (b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is void-

able under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.
   11 U.S.C. § 544.

3. 806.07 Relief from judgment or order. (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
   (a) Mistake, inadvertence, surprise, or excusable neglect;
   (b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);
   (c) Fraud, misrepresentation, or other misconduct of an adverse party;
   (d) The judgment is void;
   (e) The judgment has been satisfied, released or discharged;
   (f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;
   (g) It is no longer equitable that the judgment should have prospective application; or
   (h) Any other reasons justifying relief from the operation of the judgment.
   (2) The motion shall be made within a reasonable time, and, if based on sub. (1)(a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. A motion based on sub. (1)(b) shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court.
   Wis.Stat. § 806.07.

original agreement was a mistake, there is nothing in the statute that would require a motion to the court to decide a controversy which has already been settled. Nevertheless, this is precisely Mr. Bult's argument—the stipulation which resolved the dispute over whether New London had a right to foreclose was void because New London did not present a "formal" motion requesting that the court vacate the satisfaction of judgment. This argument has no merit. It is a common rule of statutory construction that a statute should not be interpreted in such a way as to lead to an absurd result. The law favors settlement. It would be absurd to read the statute to say that court approved settlements are meaningless and unenforceable.

▓▓▓▓ Finally, even if this court approved stipulation to vacate the satisfaction had some constitutional or statutory defect, it is a final order of the state court, and the debtor chose not to appeal it. The debtor is precluded by the principle of collateral estoppel from relitigating an issue which was already decided in a court of competent jurisdiction. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). It does not matter whether that decision is correct or not. *Martin v. Griffin, et al.*, 117 Wis.2d 438, 344 N.W.2d 206 (Ct.App.1984).

Since this court must accept the state court's order which approved the stipulation between the debtor and New London vacating the satisfaction and reinstating the judgment and mortgage, it is not necessary to reach the issue of whether the satisfaction of judgment in this case extinguished the mortgage. However, it is noteworthy that both cases cited by the debtor as authority for that position are distinguishable from the instant case. In *Huntzicker v. Dangers*, 115 Wis. 570, 92 N.W. 232 (1902), the plaintiff attempted to collect a deficiency from one borrower after sale of the collateral even though the plaintiff had received payments equal to the full amount of the debt from various sources before the action was commenced.

The court found that the underlying mortgage had been extinguished by full payment of the debt, and, as a result, the plaintiff was not a real party in interest and could not bring the action. In *Hawkes v. Dodge County Mutual Insurance Co.*, 11 Wis. 196 (1860), the full mortgage debt was satisfied by a partial cash payment and loan obligation for the balance by a third party. Both mortgagor and mortgagee agreed to this arrangement. The owner then insured the property against fire. The challenge came from the insurance company when the property was destroyed by fire. The insurer claimed that the property was still encumbered by a mortgage in violation of the requirements of the policy in spite of the fact that the debt was satisfied in full as between the former mortgagor and mortgagee. The court found that the underlying mortgage was extinguished when the debt was satisfied. In both cases, the *entire debt* owed to the mortgagee by the mortgagor had been satisfied before the court found that the underlying mortgages were extinguished. Mr. Bult concedes that he did not pay the entire debt owed New London, and that there was no agreement to compromise the entire debt for less. In other words, both parties agree that the judgment was never, at any time, satisfied in full despite the document which purported to memorialize that event. To conclude, nevertheless, that the underlying mortgage was extinguished under these circumstances would be inequitable at the very least.

OBJECTION TO CERTAIN DOC-
UMENTS BASED ON LACK
OF FOUNDATION AS TO RELEVANCE

Mr. Bult has objected to the court's consideration of certain documents provided by New London, among which were copies of the first stipulation to dismiss foreclosure proceedings, the second stipulation to vacate the satisfaction and reinstate the judgment and mortgage, and a transcript of that stipulation recited into the record. Authenticity is not in question. The basis of Mr. Bult's objection is that no testimony was presented to lay the foundation for these exhibits as to relevance. However,

in his testimony to the court, it was Mr. Bult himself who brought up the existence of these documents, presumably because of their relevance. His principal defense in these proceedings rests particularly on the validity, or lack thereof, of one of the documents: the second stipulation which vacated the satisfaction of judgment. Mr. Bult himself laid the necessary foundation as to the relevance of these documents. His objection is not well taken and will be overruled.

### CONCLUSION

The court finds no evidence of a constitutional defect in notice provided to interested parties of the action which resulted in the order of February 23, 1988, reinstating the judgment and mortgage. Even if such defect were to exist, the court finds that the debtor in possession, Bernard Bult, does not have standing to raise the issue. Similarly, the court finds no statutory defect in the order of February 23, 1988, resulting from failure to file a "formal" motion to request vacating the satisfaction of judgment. In any case, this court is obliged by the principle of collateral estoppel to accept the order of the state court reinstating the judgment and mortgage, whether it is correct or not. Finally, even if the debtor were somehow able to surmount all the above obstacles to his argument, he has presented no legal or equitable support for his proposition that he should profit from his breach of an agreement. A satisfaction of judgment without full payment does not extinguish an underlying mortgage.

Therefore, the court finds that the judgment and mortgage held by New London are still in effect and that New London has a valid security interest in the property at 111 Park Street, New London, Wisconsin. An order lifting the automatic stay as to that property will be entered accordingly.