# COURT OF APPEALS
## DECISION
## DATED AND FILED

## November 16, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP549**

Cir. Ct. No.  **2021SC3131**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

PORTFOLIO RECOVERY ASSOCIATES, LLC,

   PLAINTIFF-RESPONDENT,

V.

JOEL VILLAREAL,

   DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Racine County: JON E. FREDRICKSON, Judge. *Affirmed.*

¶1    GROGAN, J.[1]   Joel Villareal, pro se, appeals from an order denying his request to re-open a judgment entered in favor of Portfolio Recovery

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Associates, LLC (PRA). Villareal asserts the circuit court erred in denying his motion to re-open because he believes he showed good cause for not appearing on the scheduled trial date. Because Villareal failed to show the circuit court erroneously exercised its discretion when it denied his motion to re-open, this court affirms.

¶2      In November 2021, PRA filed suit against Villareal in small claims court, alleging Villareal failed to pay credit card debt from February 2019 in the amount of $7,262.60. Villareal appeared on the December 2021 return date to contest the matter, and the case was set for a court trial on March 14, 2022. On the trial date, Villareal failed to appear and failed to notify the court that he could not appear. PRA appeared for the scheduled court trial, submitted its evidence reflecting the credit card debt Villareal owed, and the circuit court thereafter granted judgment in PRA's favor.[2]

¶3      On March 16, 2022, Villareal filed a motion to re-open, listed "Stressful Family Matter" as his reason for "good cause," and indicated that he would win if the court re-opened the judgment because he has "never benefited and … will never and will be not [sic] able to financially benefit from these service[s]." The circuit court denied Villareal's request. Villareal appeals.

¶4      When a defendant fails to appear for a trial date, the circuit court "may enter a judgment upon due proof of facts which show the plaintiff [is] entitled thereto." WIS. STAT. § 799.22(2). WISCONSIN STAT. § 799.29(1)(a), which provides the exclusive procedure for seeking to re-open a default judgment

---

[2] The circuit court minutes reflect that it first granted summary judgment and then granted default judgment. This distinction is irrelevant to disposition of this appeal.

in a small claims matter, ***King v. Moore***, 95 Wis. 2d 686, 690, 291 N.W.2d 304 (Ct. App. 1980), states that "the trial court may, by order, reopen default judgments upon notice and motion or petition duly made and good cause shown." Sec. 799.29(1)(a). The small claims statutes do not define "good cause"; however, in assessing whether good cause exists, courts have considered the factors set forth in WIS. STAT. § 806.07(1), which permits a court to "relieve a party … from a judgment" for a list of reasons that includes "[m]istake, inadvertence, surprise, or excusable neglect[.]" Sec. 806.07(1)(a). *See, e.g.*, ***Martindale Pinnacle Constr. v. Pulley***, No. 2019AP2290-FT, unpublished slip op. ¶8 (WI App Apr. 16, 2020) (collecting cases). A decision of whether to re-open a default judgment rests within the circuit court's reasoned discretion. *See* ***State v. Omernick***, 14 Wis. 2d 285, 291, 111 N.W.2d 135 (1961). A court acts within its discretion if it applies the relevant law to the facts of record to reach a reasonable decision. ***Village of Shorewood v. Steinberg***, 174 Wis. 2d 191, 204, 496 N.W.2d 57 (1993).

¶5 Although Villareal includes in his brief to this court more specific information about the stressful family matter and that he incurred this debt when he was pressured into purchasing a timeshare, he did not present this information to the circuit court. All he presented to the circuit court in his motion to re-open was that he experienced a "Stressful Family Matter" and an inability to benefit from the service he charged. This court can certainly understand Villareal's frustration with timeshare-sales pressure and that a family situation may have distracted him from remembering an existing court date. But, this court is limited to deciding the legal issue under the applicable standard of review that binds this court and under the record the circuit court had before it at the time it made its decision.

¶6 In order to prove the circuit court erroneously exercised its discretion, Villareal must show the circuit court erred with respect to the law applicable to motions to re-open, erred in considering the facts of record, or that the court reached an unreasonable decision. To do so, Villareal must show that the information he provided in his motion to the circuit court constituted good cause to re-open the judgment such that the circuit court's decision finding otherwise was unreasonable. *See* ***Schneller v. St. Mary's Hosp. Med. Ctr.***, 162 Wis. 2d 296, 311, 470 N.W.2d 873 (1991) (circuit court's findings may be implicit in its decision). Based on the information Villareal provided to the circuit court, this court cannot conclude the circuit court erroneously exercised its discretion.

¶7 The only "good cause" reason Villareal provided to the circuit court to justify re-opening the judgment was a "Stressful Family Matter[.]" This simply is not enough information. To establish that this stressful family matter constituted good cause, Villareal needed to provide the court with more information. For example, what was the stressful family matter that prevented Villareal from coming to trial or notifying the court that he could not come? Villareal's motion to re-open this matter did not say. Although the circuit court certainly could have inquired further into the details of the "Stressful Family Matter," it was not obligated to do so. It was Villareal's burden to provide the circuit court with proof that good cause existed to undo a judgment the circuit court had previously entered based on documentation that Villareal failed to pay his debt and Villareal's failure to appear for the trial.

¶8 Villareal's "Stressful Family Matter" reason suggests that he believed his purported "good cause" fell within the category of "excusable neglect." "Excusable neglect is 'that neglect which might have been the act of a reasonably prudent person under the same circumstances.'" ***Hollingsworth v.***

*American Fin. Corp.*, 86 Wis. 2d 172, 185, 271 N.W.2d 872 (1978) (citation omitted). Excusable neglect "is not synonymous with neglect, carelessness or inattentiveness." *Martin v. Griffin*, 117 Wis. 2d 438, 443, 344 N.W.2d 206 (Ct. App. 1984).

¶9 A stressful family matter could constitute excusable neglect supporting good cause, or it could instead be synonymous with neglect, carelessness, or inattentiveness that does not rise to the level of good cause. Here, the circuit court knew only that Villareal failed to appear and that his explanation for missing the trial date and seeking to get a new trial date was a "Stressful Family Matter[.]" Villareal advised only that he expected to win at trial because he was not going to use the service he bought on credit. Villareal did not provide the circuit court with any details as to why the "Stressful Family Matter" caused him to miss the trial date and did not provide documentation of what the stressful family matter involved or why Villareal should not be held legally responsible to pay his three-year-old credit card bill. There was no explanation as to how the "Stressful Family Matter" prevented Villareal from notifying the court—with a simple phone call or otherwise—that he would not be able to attend the trial. There was no explanation that the credit card charge arose from a high-pressure timeshare sale that Villareal apparently believed he was not legally obligated to pay. Based on the information the circuit court had when it decided Villareal's motion to re-open, this court cannot conclude that the circuit court erroneously exercised its discretion. *See Duhame v. Duhame*, 154 Wis. 2d 258, 269, 453 N.W.2d 149 (Ct. App. 1989) (When an appellate record is incomplete in connection with an issue the appellant raises, an appellate court assumes the missing material supports the circuit court's ruling.).

¶10 Additionally, PRA argues in its brief that even if the additional information Villareal provided in his appellate brief had been submitted to the circuit court, this information would still be insufficient to constitute good cause. PRA also argues that Villareal's first brief failed to set forth a meritorious defense. Villareal did not file a Reply brief to refute PRA's contentions, and thus, they are deemed conceded. *See* ***Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.***, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments deemed conceded).

¶11 Villareal has not shown that the circuit court erred in denying his motion to re-open.

> *By the Court.*—Order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.