---

(89 App. Div. 308.)

### LAWSON v. ADAMS et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1903.)

1. JUDGMENT—SETTING ASIDE—REVIEW.

Code Civ. Proc. § 724, provides that the court, in its discretion, may release a party from judgment taken against him through mistake, etc. *Held*, that the discretion referred to is that of the Supreme Court, and that it is to be exercised in the first instance at the Special Term, and as, under Const. art. 6, § 1, the Supreme Court consists of all the justices of such court, the discretion of the judge at Special Term is reviewable by the Appellate Division.

2. SAME.

The Appellate Division has jurisdiction to reverse an order refusing to open a judgment under Code Civ. Proc. § 724, though there was not an actual abuse of discretion by the Special Term.

3. SAME—MOTION—FACTS SHOWN—RIGHT TO RELIEF.

Where a defendant moving for the setting aside of a default judgment showed that, on the day preceding the appearance of the case on the day calendar, defendant's attorneys moved their office, and their papers were thrown into confusion, and that no one in the office noticed that the case was on the day calendar, and there was a controversy that might have been tried under the pleadings, the motion should have been granted.

Jenks, J., dissenting.

Appeal from Special Term, Kings County.

Action by Judson Lawson against Thomas F. Adams and others. From an order denying defendant Adams' motion to open a default and restore the cause to the calendar, he appeals.   Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Lynn W. Thompson, for appellant.
John P. Everett, for respondent.

WOODWARD, J.   This action was brought to foreclose a mortgage given by Dawson B. Hilton and Gustav Levy to the plaintiff in connection with a building-loan contract. Issue was duly joined in the case. It was placed upon the calendar, and was adjourned over, owing to illness on the part of plaintiff's attorney. It was subsequently restored to the Special Term calendar, and on the 5th day of May, 1903, the case appeared upon the day calendar. No one appearing on behalf of the defendant, a default was taken, and subsequently an inquest was taken, and a judgment procured. On the motion to set aside the judgment, and for leave for the defendant to have an opportunity to try his case, it was shown to the court at Special Term that, on the day preceding the appearance of the case on the day calendar, defendant's attorneys moved their law offices, with the result that their papers were thrown into confusion, and that

no one in the office of defendant's attorneys noticed that the case was on the day calendar for May 5th, and that because of this fact the default was made. The defendant alleges that he has a good and meritorious defense to the action, and he desires to have his day in court. The learned court at Special Term denied the motion, and appeal comes to this court.

It is urged in support of this order that it was a matter resting in the discretion of the Special Term, and that, in the absence of an abuse of this discretion, this court is not justified in reversing this order; and many authorities are cited, largely from the Reports of the Court of Appeals, in support of this proposition. The language of section 724 of the Code of Civil Procedure is that:

"The court may likewise, in its discretion, and upon such terms as justice requires, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect; and may supply an omission in any proceeding."

The discretion is that of the court, and, while this is to be exercised in the first instance by the court at Special Term, it is still the discretion of the Supreme Court, consisting of all of the justices elected or appointed to that office (article 6, § 1, Const.), and is the subject of review in this court. Bassett v. French, 155 N. Y. 46, 47, 49 N. E. 325. It is not necessary that we should find an abuse of the discretion. It is enough if we reach the conclusion that, under the circumstances disclosed in the moving papers, the defendant should have the right to the relief asked for. There seems to be no good reason to believe that the defendant intended to permit judgment to be taken by default. There is a reasonable excuse offered for the default, and the ends of justice are, as a rule, best promoted by giving every man an opportunity to have his day in court. There appears to have been a controversy between the parties which might properly have been tried under the pleadings, and we are of opinion that the order appealed from should be reversed, and that the case should be restored to the calendar upon the payment of the costs and disbursements up to the entry of the judgment.

The order appealed from should be reversed, without costs of this appeal to either party, and the case should be restored to its place upon the calendar upon the payment by the appellant of costs and disbursements up to the entry of judgment. All concur, except JENKS, J., who dissents.