## SCHMIDT v. BRENNAN et al.

(Supreme Court, Appellate Division, Second Department. March 28, 1913.)

1. JUDGMENT (§ 138*)—DEFAULT—VACATION.

Where plaintiff's cause was not noted for trial on the equity calendar after the trial court denied plaintiff's motion for the framing of issues for the jury, a dismissal within less than six days after the cause first appeared on the trial calendar should be set aside on plaintiff's motion to open the default; it appearing that her cause of action, which was substantial, would be otherwise forever barred, and that her attorney had reason to believe that when the court denied the motion for framing issues it would grant a stay, in order to make review of that order possible before forcing trial on the equity side.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 249–251, 254; Dec. Dig. § 138.*]

2. JUDGMENT (§ 135*)—DEFAULT—VACATION—REMEDY.

Where the trial court denied plaintiff's motion for the framing of issues for the jury, and immediately directed a trial on the equity side of the court, and plaintiff suffered a default, plaintiff is not limited to an appeal from an order denying his motion for a stay of the order denying

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the framing of issues for a jury, but may move the court to open the default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 246, 247; Dec. Dig. § 135.*]

Appeal from Special Term, Westchester County.

Action by Eunice Niemoller Schmidt against John F. Brennan and Edward Valentine, as executors of the estate of Naomi Duhcombe Ring, deceased. From an order denying a motion to open a default and vacate the judgment dismissing her complaint, plaintiff appeals. Reversed and remanded.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and STAPLETON, JJ.

Martin T. Manton, of Brooklyn (William H. Griffin, of New York City, on the brief), for appellant.

Arthur M. Johnson, of Mt. Vernon, for respondents.

PER CURIAM. [1] A conclusion that the Special Term abused its discretion in its refusal to open the default is not essential to our review. Lawson v. Hilton, 89 App. Div. 303, 85 N. Y. Supp. 863. The action was new, and the time that intervened its first appearance on the trial calendar and the dismissal of the complaint was less than six days. The plaintiff's former attorney, perhaps, had some justifiable reason for belief that when the trial court denied his motion for the framing of issues for a jury it would grant a stay, in order to make a review of that order possible before he would be forced to trial in the equity side of the court. The counsel had not noticed his cause for trial at an equity term, had never answered "Ready" when the cause was called, had not imposed upon the court in any way, and did not in any defiant spirit invite a dismissal of the complaint. The action appears upon the surface to be of a substantial character, and it is indicated that, if the order of dismissal be affirmed, the plaintiff will forever lose her day in court. It does not appear that the defendants will be prejudiced in any particular way if the cause be restored to the calendar for trial.

[2] We think that the plaintiff was not limited to an appeal from the order that denied her motion for a stay, but was free to move the court to open the default, and that she should have been afforded such relief, upon proper terms.

The order is reversed, without costs of this appeal to either party, and motion granted, upon payment, within 10 days after the entry of this order, of $20 costs, together with all disbursements of the defendants incident to the trial.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes