DUGENSKE, Respondent, v. DUGENSKE, Appellant.

*No. 75-639. Submitted on briefs September 6, 1977.—*
*Decided October 4, 1977.*
(Also reported in 257 N. W. 2d 865.)

For the appellant the cause was submitted on the brief of *William R. Slate* of Markesan.

For the respondent the cause was submitted on the brief of *Michael P. Lehner* and *Lisheron Law Offices* of Princeton.

CONNOR T. HANSEN, J.   The plaintiff-respondent, Frances Dugenske (hereinafter plaintiff), was granted a default judgment of divorce from the appellant-respondent, Theodore Dugenske (hereinafter defendant), in Illinois, on October 18, 1974. The judgment directed the defendant to quitclaim to the plaintiff his interest in his homestead, located in Green Lake county, Wisconsin.

On July 29, 1975, the plaintiff commenced an action in the Green Lake county court to enforce the divorce judgment. A summons and complaint were personally served upon the defendant, who turned them over to his lawyer, Charles K. Wildermuth, for the filing of an answer. Mr. Wildermuth, who was in the process of relocating his law offices, misplaced the complaint and his related files. As a result, a timely answer was not filed.

On September 23, 1975, a hearing was held on the plaintiff's motion for a default judgment. The defendant, by other counsel, moved orally for an extension of time in which to answer. The court denied the defendant's motion and granted a default judgment in favor of the plaintiff, allowing the defendant twenty days in which to bring a motion to vacate the judgment.

The defendant brought such a motion, seeking relief on the ground that his failure to answer was the result of excusable neglect. The motion, which was heard on October 7, 1975, was supported by an affidavit of Lawyer Wildermuth stating that he had misplaced the papers while relocating his office, and was further supported by a proposed answer alleging as an affirmative defense that the Illinois court did not have jurisdiction to dispose of Wisconsin real estate. The motion was denied by the

court's order of October 22, 1975, and the defendant appeals.

Two issues are presented:

1. Is a lawyer's failure to answer a complaint such excusable neglect as to relieve his client from a resulting default judgment, where the failure is the result of the lawyer's misplacement of the client's files while relocating his law offices?

2. If the lawyer's conduct was excusable neglect, does an Illinois divorce court's alleged lack of jurisdiction to dispose of Wisconsin real estate constitute a meritorious defense to enforcement of the divorce judgment in Wisconsin?

Section 269.46 (1), Stats. 1973, provided:[1]

"*269.46 Relief from judgments, orders and stipulations; review of judgments and orders.* (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense."

This statute requires the party moving to vacate a default judgment to show two things: (1) The party seeking relief must show that the judgment was entered through mistake, inadvertence, surprise or excusable neglect; and (2) that the party has a meritorious defense to the action. *Wagner v. Springaire Corp.*, 50 Wis. 2d 212, 220, 184 N.W.2d 88 (1971).

---

[1] This section has now been replaced by section 806.07, Stats., which contains a similar provision for relief from judgments entered as a result of a party's excusable neglect.

The determination of whether to vacate a default judgment is within the sound discretion of the trial court, and the trial court's decision will not be disturbed unless there has been a clear abuse of discretion. *Buchen v. Wisconsin Tobacco Co.*, 59 Wis.2d 461, 465, 208 N.W. 2d 373; *Wagner v. Springaire Corp., supra.*

In the exercise of its discretion, the trial court must be cognizant of three general considerations: (1) Sec. 269.46(1), Stats. 1973, is remedial in nature and should be liberally construed, *Paschong v. Hollenbeck*, 13 Wis.2d 415, 421, 108 N.W.2d 668 (1961); (2) the law prefers, whenever reasonably possible, to afford litigants a day in court and a trial on the issues, *Quinn Distributors, Inc. v. Miller*, 43 Wis.2d 291, 296, 168 N.W.2d 552 (1969); and (3) as a corollary to this preference, default judgments are regarded with particular disfavor, *Lorscheter v. Lorscheter*, 52 Wis.2d 804, 810, 191 N.W.2d 200 (1971).

In the instant action, the defendant seeks to establish that his lawyer's failure to answer constituted excusable neglect. This court has said that "excusable neglect" is:

". . . 'that neglect which might have been the act of a reasonably prudent person under the same circumstances.'"

*Wagner v. Springaire Corp., supra,* 217, *quoting* 15A *Words and Phrases* (perm. ed.), 225, and *Giese v. Giese,* 43 Wis.2d 456, 461, 168 N.W.2d 832 (1969).

In determining whether the "reasonably prudent person" standard has been met, the trial court should consider whether the defaulting party has acted promptly to remedy his situation, whether the default judgment imposes excessive damages, and, generally, whether vaca-

tion of the judgment is necessary to prevent a miscarriage of justice. *Cruis Along Boats, Inc. v. Stand. S. P. Mfg. Co.*, 22 Wis.2d 403, 409–11, 126 N.W.2d 85 (1964). This court has often held that neglect due to the pressure of a lawyer's work, without some "additional persuasive explanation," is not "excusable neglect." *Wagner v. Springaire Corp., supra*, 217, 218. *See also: Giese v. Giese, supra.* The question remains, however, whether "mislaying the files" in the process of moving a law office is a sufficient "additional persuasive explanation." The trial court held that such an assertion did not constitute sufficient grounds to find excusable neglect. We do not believe the trial court abused its discretion in making such a determination and certainly we cannot hold that such a determination constituted a clear abuse of discretion by the trial court.

We find no Wisconsin case that has considered the exact question here presented. Courts in other jurisdictions, however, have considered the precise question.[2] In *Western Union Tel. Co. v. Skinner*, 60 Tex. Civ. App. 477, 480, 128 S.W. 715 (1910), a Texas appellate court concluded:

". . . The fact that appellant's attorney in New York was moving his office and confusion reigned on that account, and that a new filing system for case papers and a new variety of envelopes as well as a new indexing system were adopted could form no sufficient reason for neglect to file an answer. . . ."

On the other hand, in *Lawson v. Adams, et al.*, 89 App. Div. 303, 85 N.Y. Supp. 863 (1903), a lawyer's failure to appear in court was held excused by the fact that he had moved his offices the day before, throwing his papers into confusion. Noting that there appeared to be a *genuine controversy*, the court reversed an order re-

[2] *See generally:* Annot. 21 A.L.R.3d 1255 (1968).

fusing to set aside the resulting default judgment. The court said:

". . . There seems to be no good reason to believe that the defendant intended to permit judgment to be taken by default. There is a reasonable excuse offered for the default, and the ends of justice are, as a rule, best promoted by giving every man an opportunity to have his day in court. . . ." *Lawson v. Adams, et al., supra,* 864.

Similarly, in *Crevani v. Perkiomen School,* 76 Montg. Co. L.R. 39, 41 (Pa. C.P., 1958), a Pennsylvania court held that *where there is a meritorious defense:*

". . . counsel's inattention or oversight due to moving his law offices constitutes reasonable and sufficient grounds for equitable relief."

The foregoing authorities are relevant but not dispositive in the present case. The record sheds little light on the question whether the failure to answer "'. . . might have been the act of a reasonably prudent person under the same circumstances.'" *Wagner v. Springaire, supra,* 217. The record does show that Mr. Wildermuth "misplaced the files" while moving his law office and that the defendant retained another lawyer to defend the action about twenty-five days after the expiration of the time to answer.

While the factors heretofore discussed tend to favor the vacation of a judgment, there are countervailing factors to be considered. Among them are, a policy in favor of the finality of judgments, the probability that a policy which excused or tolerated a lawyer's neglect would foster delay in litigation and a further belief that the quality of legal representation is best maintained by refusing to overlook the effects of a lawyer's negligence.

We recognize that under sec. 269.46(1), Stats. 1973, a client is not necessarily held accountable for the omissions of his lawyer. However, in the case before us we

cannot overlook the fact that the divorce containing the settlement provision was granted in 1974. This was followed by a contempt proceeding instituted in Wisconsin to secure enforcement of the judgment in 1975. The defendant did not appear at the contempt proceedings and it was necessary for the trial court to issue a bench warrant to secure his appearance. We are not advised as to the disposition of this contempt proceeding. Finally, the plaintiff commenced an action to enforce the divorce judgment and this appeal has now been brought.

This court has said that the decision of a trial court under sec. 269.46, Stats. 1973, will not be reversed:

" '. . . unless it appears so clearly wrong as to evince an abuse of judicial power. That, manifestly, takes a pretty strong case.' " *Buchen v. Wisconsin Tobacco Co.,* *supra,* 465, *quoting Gowran v. Lennon,* 154 Wis. 566, 143 N.W. 678 (1913).

■
The trial court did not so abuse its discretion in denying the motion of the defendant to vacate the judgment.

The defendant also argues that the proposed answer sets forth a meritorious defense. Our examination of the proposed answer leads us to conclude that it does not set forth a meritorious defense. However, it is not necessary that we reach this issue or elaborate on the conclusion expressed.

■
The two requirements of sec. 269.46(1), Stats. 1973, *i.e.,* (1) a showing of excusable neglect, and (2) a meritorious defense, are separate and distinct. Whether the party has a meritorious defense in no way affects the question of whether acts of purported excusable neglect are consistent with those of a reasonably prudent person acting under similar circumstances. If we were to hold that the default judgment was entered as a result of

excusable neglect, it would be necessary to consider the issue of whether the proposed answer set forth a meritorious defense in greater detail. *Wagner v. Springaire, supra,* 220, 221.

The order of the trial court is affirmed.

*By the Court.*—Order affirmed.