COURT OF APPEALS
DECISION
DATED AND FILED

August 8, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1738**

STATE OF WISCONSIN

Cir. Ct. No. 2017SC4226

IN COURT OF APPEALS
DISTRICT IV

PROGRESSIVE UNIVERSAL INSURANCE COMPANY AS SUBROGEE,

    PLAINTIFF-RESPONDENT,

V.

MARILYN E. MARTIN,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Affirmed*.

¶1 FITZPATRICK, J.[1] Marilyn Martin appeals an order of the Dane County Circuit Court denying her motion to reopen a default judgment in this small claims case. A default judgment was entered against Martin in favor of

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Progressive Universal Insurance Company (Progressive) after Martin failed to appear at the trial. Martin's motion to reopen the default judgment alleged that she did not receive notice of the trial date and time. Because I conclude that the circuit court properly exercised its discretion based on its finding that Martin received notice, the order denying Martin's motion to reopen the default judgment is affirmed.

## BACKGROUND

¶2      The following facts are undisputed.

¶3      In July 2017, Progressive initiated this small claims action demanding a money judgment against Martin in the amount of $5,000.00. Progressive's attempts at personal service on Martin were unsuccessful, and Martin was served through substituted service.[2] Martin filed an answer containing a denial of the allegations in the complaint. A trial was scheduled for September 7, 2017. Martin failed to appear at that trial, and a court commissioner entered a default judgment in the amount of approximately $5,500.00 against Martin in favor of Progressive.

¶4      About seven months later, Martin filed a motion to reopen the default judgment alleging that she did not receive notice of the trial. A court commissioner granted Martin's motion to reopen the default judgment. Progressive requested a trial de novo before the circuit court pursuant to WIS. STAT. § 757.69(8).

---

[2]  Martin does not contend that the substituted service was insufficient.

¶5 In the circuit court, Progressive requested that the circuit court deny Martin's motion to reopen the default judgment. The circuit court then questioned Martin under oath as follows:

> Q. Ms. Martin, do you live at [address at which the substituted service occurred]?
>
> A. Yes.
>
> Q. Were papers served at that address that you received served on a person [who was present at the residence]. Is [that person] your roommate?
>
> A. He's my son.
>
> Q. Did he give you some papers that were filed in this case? Did your son give you the papers that were served at your home address related to this lawsuit?
>
> A. Yes.
>
> Q. And those papers gave a date for you to come to court, correct?
>
> A. I don't recall.
>
> Q. But you did get the papers?
>
> A. I eventually got papers.
>
> Q. Prior to the time of the [trial]?
>
> A. I don't recall. I'm sorry.

¶6 The circuit court made the following findings: There was no "return of mail" from the U.S. Postal Service to the clerk of court indicating that the notice of the trial had not been delivered by mail to Martin. There was no indication that Martin did not receive the notice of the trial by mail. The notice had been mailed by the clerk of court to the address which was "on file for [Martin] in her answer," and Martin testified that she resided at the address to which the notice was mailed. Based on those findings, the circuit court "d[id] not

3

find any grounds to re-open [the] matter." The circuit court denied Martin's motion to reopen the default judgment and ordered that the money judgment against Martin be re-entered nunc pro tunc to the original default judgment entry date of September 7, 2017.

¶7    Martin appeals.

¶8    I refer to other material facts in the following Discussion.

## DISCUSSION

¶9    Martin raises two arguments on appeal. First, Martin contends that the circuit court's finding that Martin received notice of the trial date and time by mail was clearly erroneous and, as a result, her right to due process was violated. Second, Martin asserts that the circuit court erred by applying the statutory mailed service presumption. *See* WIS. STAT. § 891.46 ("Unless otherwise specifically provided by statute or rule … notices[] … and other papers required or authorized to be served by mail in judicial … proceedings are presumed to be served when deposited in the U.S. mail with properly affixed evidence of prepaid postage."). For the following reasons, I conclude that the circuit court's finding that Martin received notice of the trial date and time by mail was not clearly erroneous and, for that reason, there was no violation of Martin's right to due process.[3]

---

[3] Because I conclude that the circuit court's finding that Martin received notice of the trial was not clearly erroneous, I need not consider or discuss the mailed service presumption further. *See* **Barrows v. American Fam. Ins. Co.**, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (appellate court need not address each issue raised by the parties when one issue is dispositive).

¶10    The decision of whether to reopen a default judgment is committed to the circuit court's discretion. *See Dugenske v. Dugenske*, 80 Wis. 2d 64, 68, 257 N.W.2d 865 (1978). This court affirms a circuit court's discretionary determination so long as the circuit court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶11, 305 Wis. 2d 658, 741 N.W.2d 256 (quoting *Loy v. Bunderson*, 107 Wis. 2d 400, 415, 320 N.W.2d 175 (1982)). This court "search[es] the record for reasons to sustain [the circuit court's] exercise of discretion." *Id.* (quoting *Olivarez v. Unitrin Prop. & Cas. Ins. Co.*, 2006 WI App 189, ¶17, 296 Wis. 2d 337, 723 N.W.2d 131). Additionally, this court upholds the circuit court's findings of fact unless those are clearly erroneous. WIS. STAT. § 805.17(2); *Salveson v. Douglas Cty.*, 2000 WI App 80, ¶14, 234 Wis. 2d 413, 610 N.W.2d 184, *aff'd*, 2001 WI 100, 245 Wis. 2d 497, 630 N.W.2d 182. "A finding of fact is clearly erroneous if it is against the great weight and clear preponderance of the evidence." *Metropolitan Assocs. v. City of Milwaukee*, 2018 WI 4, ¶62, 379 Wis. 2d 141, 905 N.W.2d 784.

¶11    In the context of a motion to reopen a default judgment, our supreme court has instructed circuit courts to consider three principles in their exercise of discretion: (1) the statute authorizing circuit courts to reopen default judgments is remedial and should be liberally construed; (2) the law prefers to afford litigants their day in court; and (3) the law disfavors default judgments. *See Dugenske*, 80 Wis. 2d at 68. On the other hand, the supreme court has recognized "countervailing factors of public policy which favor finality of judgments." *Hollingsworth v. American Fin. Corp.*, 86 Wis. 2d 172, 184, 271 N.W.2d 872 (1978).

¶12    In light of these principles, I now consider the circuit court's exercise of discretion in denying Martin's motion to reopen the default judgment.

¶13    The circuit court's determination that Martin received notice of the time and date of the trial by mail was premised, in part, on an implicit finding that Martin was not credible when she testified that she did not receive the notice. To the extent that Martin argues that the circuit court's credibility determination was clearly erroneous, I reject the argument. *See State v. Peppertree Resort Villas, Inc.*, 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345 ("When the circuit court acts as the finder of fact, it is the ultimate arbiter of the credibility of the witnesses and the weight to be given to each witness's testimony."). Supporting the circuit court's credibility determination is Martin's testimony in the circuit court. There, Martin testified that she did not recall whether she received notice prior to the trial, and that statement is inconsistent with her affidavit filed with the motion to reopen.

¶14    Martin argues that "no notice of the crucial September 7, 2017 hearing appears in the record …." I reject this argument. The record contains a "Minutes – Small Claims" document which shows "Court Record Entries" for this case. Those "Court Record Entries" indicate that, on August 8, 2017, a notice of the September 7, 2017 hearing was mailed to the address where Martin lives. The August 8, 2017 "Court Record Entr[y]" corresponds to the Notice of Hearing document reproduced in the respondent's appendix. That Notice of Hearing shows a trial date of September 7, 2017 at 3:00 p.m. and that it was mailed to Martin's street address. Martin does not contend, either in her briefing in this court, or in her affidavit filed in the circuit court, that the Notice of Hearing is anything other than authentic. Based on this record evidence, together with the circuit court's credibility determination (which I am bound to uphold), I conclude

6

that the circuit court's finding that Martin received notice is not against the great weight and clear preponderance of the evidence.

¶15    Based on its finding that Martin received notice of the trial date and time, the circuit court reasonably concluded that there were no grounds to reopen the default judgment, and it properly exercised its discretion in denying Martin's motion.

¶16    Finally, because Martin concedes that notice by mail is sufficient to satisfy due process, I further conclude that Martin's right to due process was not violated.

## CONCLUSION

¶17    For the foregoing reasons, the order of the circuit court is affirmed.

*By the Court.*—Order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)4.