COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos.    **2022AP76**
                  **2022AP77**

Cir. Ct. Nos.  **2019TP68**
                      **2019TP69**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

No. 2022AP76

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A. F.,
A PERSON UNDER THE AGE OF 18:

DANE COUNTY DEPARTMENT OF HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

A. D.,

RESPONDENT-APPELLANT.

No. 2022AP77

IN RE THE TERMINATION OF PARENTAL RIGHTS TO L. F.,
A PERSON UNDER THE AGE OF 18:

DANE COUNTY DEPARTMENT OF HUMAN SERVICES,

 PETITIONER-RESPONDENT,

 V.

A. D.,

 RESPONDENT-APPELLANT.

---

   APPEALS from orders of the circuit court for Dane County: JUAN B. COLAS, Judge. *Affirmed.*

  ¶1 FITZPATRICK, J.[1] A.D. appeals orders of the Dane County Circuit Court terminating his parental rights to his children, A.F. and L.F. The circuit court entered default judgments against A.D. based on his failure to appear at a pre-trial hearing and his failure to provide the court with a mailing address. A.D. argues that the court erroneously exercised its discretion in entering the default judgments because his failure to appear was not egregious. For the following reasons, I affirm the circuit court's orders.

---

  [1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

  These appeals were consolidated for briefing and disposition by a February 3, 2022 order pursuant to WIS. STAT. RULE 809.10(3).

**BACKGROUND**

¶2      In October 2019, Dane County ("the County") filed petitions to terminate A.D.'s parental rights to his two children, A.F. and L.F.  With each of the petitions, A.D. received a written summons and notice of hearing that included the following statement:  "If you fail to appear at this hearing, or any subsequent hearing, the court may proceed to hear testimony and enter an order terminating your parental rights."

¶3      Over the course of the next nineteen months, A.D. was provided with at least five more warnings, with language similar or identical to the language just quoted, from the circuit court that it could enter a default judgment against A.D. if he failed to appear at a hearing.  Two of these warnings were explained to A.D. by the court in person, and three of these warnings were included with written scheduling orders that were delivered to A.D.  Additionally, the circuit court informed A.D. in person that he risked default if he failed to provide the court with an address where he could receive mail from the court.

¶4      Until September 2021, A.D. had appeared at each of the eight hearings for which he was ordered to appear.  The last of these hearings occurred in May 2021 (the "May hearing").  At the May hearing, at A.D.'s request, the court allowed A.D. to leave the hearing early so that he could go to work.  Later at the May hearing, after A.D. had been excused, the court scheduled A.D.'s final pre-trial hearing for September 2021 (the "September hearing").  The circuit court ordered that A.D. appear in person for that hearing and warned that "a failure to appear without good cause could result in a default judgment terminating his parental rights."

¶5      A.D.'s counsel appeared at the September hearing, but A.D. failed to appear. The County moved for a default judgment, arguing that A.D. had been repeatedly warned of the consequences of failing to appear. A.D.'s counsel objected to the motion, explaining that in counsel's opinion A.D. had continued to stay engaged in the case after the May hearing. A.D.'s counsel also noted that A.D. had not responded to an email sent to him that morning and A.D. did not have a phone number. The circuit court granted the County's motion and entered a default judgment in each case against A.D. The circuit court's reasoning will be set forth in full later in this opinion, but is summarized briefly now. The court explained that A.D. violated the orders of appearance and that this violation was egregious given the number of times the court ordered A.D.'s personal appearance. The court also noted that A.D. failed to comply with the requirement that he provide the court with an address at which he could receive mail. The court then heard testimony and arguments from the parties and found that there were sufficient grounds for termination of A.D.'s parental rights. The court scheduled a disposition hearing for later that month.

¶6      A.D. appeared at the disposition hearing, and at that time his counsel requested that the court adjourn the hearing or vacate the default judgments on the purported grounds that A.D. did not have a working telephone or stable residence and was therefore limited in his ability to receive notices. The court allowed A.D.'s counsel to question A.D. regarding his absence at the September hearing. The testimony and actions of A.D. during the disposition hearing will be set forth in detail later in this opinion, but are summarized briefly now. As the circuit court described on the record, A.D. answered with "I don't know" to a number of straightforward questions from his own counsel and then tried to leave the courtroom. Based on this conduct, the circuit court concluded that A.D. waived

4

his motion for relief from the default judgment. At the end of the disposition hearing, the court ordered the termination of A.D.'s parental rights.

¶7    A.D. appeals the circuit court's orders terminating his parental rights.

## DISCUSSION

¶8    The parties dispute whether the circuit court erred in finding A.D. in default based on his failure to appear at the September hearing.[2] I begin by setting forth governing principles concerning termination of parental rights and default judgments as well as this court's standard of review.

### I.  Governing Principles Concerning Termination of Parental Rights and Default Judgments, and Standard of Review.

¶9    "Parental rights termination adjudications are among the most consequential of judicial acts, involving as they do 'the awesome authority of the State to destroy permanently all legal recognition of the parental relationship.'" *Steven V. v. Kelley H.*, 2004 WI 47, ¶21, 271 Wis. 2d 1, 678 N.W.2d 856 (quoted source omitted). Because a parent's interest in the parent-child relationship and in the care, custody, and management of his or her child is recognized as a "fundamental liberty interest protected by the Fourteenth Amendment," due process requires that the State provide the parent with "fundamentally fair procedures." *Id.*, ¶¶22-23.

---

[2] A.D. does not dispute the circuit court's finding that there were grounds to terminate his parental rights.

¶10     Wisconsin has a two-part statutory procedure for the involuntary termination of parental rights. *Id.*, ¶24. In the first phase of the proceeding—sometimes described as the "grounds" or "fact-finding" phase—"the petitioner must prove by clear and convincing evidence that one or more of the statutorily enumerated grounds for termination of parental rights exist." *Id.*, ¶24; *Dane Cnty. DHS v. Mable K.*, 2013 WI 28, ¶60, 346 Wis. 2d 396, 828 N.W.2d 198. Because parents' rights are "paramount" during this phase of the proceedings, parents in this phase "require heightened legal safeguards to prevent erroneous decisions." *Mable K.*, 346 Wis. 2d 396, ¶60. In the second, or "dispositional" phase, "the court is called upon to decide whether it is in the best interest of the child that the parent's rights be permanently extinguished." *Steven V.*, 271 Wis. 2d 1, ¶27. During this phase, the "child's best interests are paramount." *Id.*, ¶26.

¶11     Pursuant to its inherent and statutory authority, a circuit court "may enter a default judgment against a party that fails to comply with a court order." *Evelyn C.R. v. Tykila S.*, 2001 WI 110, ¶17, 246 Wis. 2d 1, 629 N.W.2d 768 (citing WIS. STAT. §§ 802.10(7), 804.12(2)(a), and 805.03). Under § 805.03, the court may enter a default judgment for failure to comply with a court order only if the court finds that the non-complying party acted "egregiously or in bad faith." *Mable K.*, 346 Wis. 2d 396, ¶69. "Where a circuit court concludes that a party's failure to follow court orders, though unintentional, is 'so extreme, substantial and persistent' that the conduct may be considered egregious, the circuit court may make a finding of egregiousness." *Id.*, ¶70 (quoted source omitted).

¶12     This court reviews a circuit court's entry of a default judgment for an erroneous exercise of discretion. *Evelyn C.R.*, 246 Wis. 2d 1, ¶18. Additionally, a circuit court's decision to grant or deny a motion seeking to vacate

a default judgment is a discretionary act that this court reviews for an erroneous exercise of discretion. ***Dugenske v. Dugenske***, 80 Wis. 2d 64, 68, 257 N.W.2d 865 (1977). "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach." ***Mable K.***, 346 Wis. 2d 396, ¶39.

## II. The Circuit Court Properly Exercised Its Discretion in Entering Default Judgments Against A.D.

¶13 As explained earlier, the circuit court found A.D. in default based on his failure to appear at the September hearing. The court provided the following reasoning in support of its decision:

> I'll find that the history of orders, both oral and written, as described by the county in its argument is correct and it's not disputed. There have been repeated orders for [A.D.'s] personal appearance in this case and repeated orders to keep the court informed of his address. He participated in the last final pre-trial. During the course of the final pre-trial on May 13th, I think when it had become clear that there were going to be two separate trials, he asked if he could be excused because he was employed and needed to maintain employment. His attorney had no objection to him being excused, and I authorized him to be excused and so then he left the hearing. Up to that point, it did not appear there had been any problem with him hearing anything. After he was excused, we set today's date for the final pre-trial and I did enter another oral order for personal appearance with his attorney present here. We presume that that was conveyed to him to the extent that his attorney has been able to have communication with him.
>
> He has not notified the court of any new address after [A.D.'s] release from jail. He has not notified the [court] of a new address. And it doesn't appear that he's notified anyone of a phone number at which he can be reliably reached, which is why I've tried to call him at this hearing. He does have an e-mail and communicates by e-mail. So, essentially, his whereabouts are unknown and

he's chosen not to keep the department or the court informed of where he's living. And he's failed to appear for today's hearing.

I will find that he is in default and in violation of the orders for personal appearance and that it is egregious given the number of times that personal appearance has been ordered in this case, even though he was not personally present when this date was set. In addition, the court attempted to send notices to him. Not all of them for this -- today's hearing, but to both the jail which was his last known address and to [Address] which he had provided as an address at which he could receive mail. He left no forwarding address with the jail that they were aware of, and the [Address] mail that was sent there in June and July was not picked up. So I'll find him in default and I'll allow the county to put on its testimony.

¶14 Based on the circuit court's reasoning, I conclude that the circuit court properly exercised its discretion in entering default judgments against A.D. *See id.*, ¶39 ("A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach."). First, the court examined the relevant facts when it noted that A.D.'s personal appearance had been ordered by the court numerous times. As the record demonstrates, A.D. was personally warned at least five times—both verbally and in writing—that the court could enter default judgment against him if he failed to appear at any hearing. The court also provided this warning to A.D.'s counsel at the May hearing after A.D. had been excused. Moreover, the court referenced A.D.'s failure to comply with the requirement that he provide the court with an address where he could receive mail. The record indicates that A.D. was personally warned that the court could enter default judgments if he failed to keep the court informed of his address.

¶15     Next, the circuit court applied the proper standard of law. It is clear from the record that the court correctly applied the rule that a court may enter a default judgment against a party that fails to comply with a court order if it determines that the party acted "egregiously." *See* WIS. STAT. § 805.03; *Mable K.*, 346 Wis. 2d 396, ¶69.

¶16     Finally, the circuit court reached a reasonable conclusion using a rational process. The court explained that its determination of egregiousness was based on A.D.'s failure to comply with the court's orders to appear at hearings and provide a valid mailing address. Given that A.D. had been warned many times that his failure to comply with the court's orders could result in a default judgment against him, it follows that A.D.'s failure to comply could reasonably be considered "so extreme, substantial and persistent" that it met the standard for egregiousness. *See Mable K.*, 346 Wis. 2d 396, ¶70. This determination is reinforced by A.D.'s failure to comply with the court's order to provide a working mailing address. Accordingly, the court's decision to enter a default judgment is a proper exercise of discretion because the court reached a reasonable and rational conclusion based on the facts and the appropriate legal standard.

¶17     A.D. argues that the circuit court erroneously exercised its discretion in entering a default judgment for three reasons. I pause here to note that the County suggests that this court should not address A.D.'s arguments because A.D. forfeited his motion to vacate the default judgments by his conduct at the disposition hearing. A basis for A.D.'s appeal is his alleged difficulty receiving notices following his incarceration following the May hearing. The circuit court gave A.D. the opportunity to explain facts supporting his position at the

disposition hearing. Here is what happened when A.D.'s own attorney asked him relevant questions:

> [Counsel]: [A.D.], you were residing in the Dane County Jail at some point in 2021; is that correct?
>
> [A.D.]: I don't know.
>
> [Counsel]: Where -- do you have a current permanent address? Like apartment or a home or something like that, right now?
>
> [A.D.]: I don't know.
>
> [Counsel]: Do you have a -- your own telephone number that is specifically assigned just to you?
>
> [A.D.]: With fraud going on, shit, I don't know. Shit, I don't have one possessive -- in my possession in person, no.
>
> ….
>
> THE COURT: Let me just make a record that [A.D.] left the witness stand and started to walk out the courtroom, was stopped by bailiffs when informed him that he had a warrant out for him, and he said go ahead, take me. And the bailiffs are removing him from the courtroom.
>
> A.D.: Thanks, man.
>
> THE COURT: All right. Well, I think, by his conduct, [A.D.] has waived his motion for relief from the default judgment. He repeatedly, at least three times, four times, answered I don't know to straightforward questions and then chose to leave. So I think he's abandoned his claim to vacate the default judgment.

When the circuit court gave A.D. every reasonable opportunity to explain what happened and possibly have the default judgments vacated, the excerpt from the transcript noted above is how A.D. conducted himself and refused to answer questions in any meaningful manner. The County is correct that A.D. forfeited his motion to vacate the default judgments when he abandoned the proceedings. *See*

*State v. Ndina*, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612. Nonetheless, for the sake of completeness, I will address the merits of A.D.'s arguments regarding the court's determination of egregiousness.

¶18 First, A.D. argues that his failure to appear at the September hearing was not egregious because he appeared at all previous hearings at which he was required to appear. A.D. contends that the circuit court unreasonably failed to acknowledge A.D.'s "persistent and substantial compliance" with the court's orders. Contrary to A.D.'s contention, however, the circuit court's determination of egregiousness was not based on the number of hearings at which A.D. failed to appear. Rather, the court determined that A.D.'s failure to comply with the court's orders was egregious based on the numerous verbal and written orders regarding the importance of appearing at hearings and the consequences of failing to appear at those hearings. A.D.'s appearance at prior hearings does not diminish the significance of A.D.'s failure to comply with the court's many orders to appear. Further, A.D.'s argument fails to mention that the court's determination of egregiousness also accounted for A.D.'s failure to provide the court with a working mailing address. Thus, it was not an erroneous exercise of discretion for the court to determine that A.D.'s failure to appear was egregious even though A.D. had complied with the court's orders at previous hearings.

¶19 Second, A.D. argues that the egregiousness of his failure to appear at the September hearing is undercut by his excused absence from the May hearing. A.D. points out that he was not present when the circuit court scheduled the September hearing and ordered him to appear at that hearing. However, as the court explained in its default judgment decision quoted earlier, A.D.'s counsel was present when the court scheduled the September hearing and ordered A.D.'s

appearance. The court reasonably presumed that A.D.'s attorney would communicate that information to A.D. Additionally, the court's prior verbal warnings to A.D. emphasized the importance of A.D.'s appearance at *all* hearings on the petition. Thus, even though A.D. was not present for part of the May hearing, A.D. was on notice that he was required to appear at a future hearing.

¶20 Finally, A.D. argues that his failure to appear at the September hearing was not egregious based on his discussion with the court at the May hearing regarding his excused absence from part of that hearing. That discussion proceeded as follows:

> [A.D.]: Are -- are we almost like -- almost to the end of this? I do have employment to -- have to maintain my employment during this process of TPR or in through my --
>
> THE COURT: Right.… What time do you have to be at work?
>
> [A.D.]: I got to be at work at 10:15.
>
> ….
>
> [A.D.]: It's not going to -- it's not going to knock me off, no points off, is it or include me, is it?
>
> THE COURT: No, no.
>
> ….
>
> THE COURT: This is a civil case, and it's not unusual that in civil cases we have the attorneys handling the pretrials. No, no points. It's up to you.
>
> [A.D.]: All right.
>
> THE COURT: So whenever you feel you need to leave to get ready to go to work, just go ahead and then you can just excuse yourself and you can leave the meeting, okay?
>
> [A.D.]: Okay. Thank you. Y'all have a great day.

A.D. acknowledges that the court did not excuse him from the September hearing but nevertheless contends that this discussion weighs against the court's entry of the default judgments.

¶21 This discussion does not undermine the court's egregiousness determination. Although the circuit court stated that it is "not unusual" for attorneys to handle pre-trial matters, no part of the court's comments reasonably suggests that A.D. was excused from appearing at future hearings. Further, nothing in the record indicates that A.D. did not know or was confused about the date of the September hearing or the requirement that he appear at that hearing. Indeed, when A.D. was given the opportunity to testify as to any confusion or lack of knowledge about the September hearing, A.D. repeatedly answered "I don't know" to straightforward questions and then chose to leave the courtroom. Accordingly, the court's determination of egregiousness and its entry of default judgments are proper exercises of discretion.

## CONCLUSION

¶22 For the foregoing reasons, the orders of the circuit court are affirmed.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.